Richard Thomas STAHL, Movant,

v.

COMMONWEALTH of Kentucky, Respondent.

Supreme Court of Kentucky.

March 31, 1981.

Jack Emory Farley, Public Advocate, Frankfort, for movant.

**618**

Steven L. Beshear, Atty. Gen., Gerald Henry, Asst. Atty. Gen., Frankfort, for respondent.

## OPINION OF THE COURT

The appellant, Richard Thomas Stahl, was convicted in Clinton Circuit Court of murder and sentenced to life imprisonment. Appellant's timely notice of appeal was filed with this court on May 21, 1977. On November 16, 1977, we dismissed his appeal, because a timely brief had not been filed.

Stahl then filed an RCr 11.42 motion in Clinton Circuit Court, alleging denial of his due process right to effective assistance of counsel, and of his right to a direct appeal under Section 115 of the Kentucky Constitution. He requested that his appeal be reinstated or that his conviction be set aside.

On February 9, 1979, the trial judge entered an order setting aside the appellant's conviction and granting him a new trial. The Court of Appeals reversed.

The trial judge properly denied Stahl's request for reinstatement of his appeal. A right to a belated appeal or to reinstatement of a lapsed appeal can be granted only by the appellate court that is to entertain it. *Cleaver v. Commonwealth,* Ky., 569 S.W.2d 166 (1978). However, appellant is not precluded from filing an RCr 11.42 motion in circuit court. This court recognized in *Hammershoy v. Commonwealth,* 398 S.W.2d 883 (1966) that an attack on the trial judgment is the appropriate remedy for a frustrated right of appeal.

The trial court can entertain issues of fact, such as overwork, which might result in ineffective assistance of counsel at the appellate level. If its findings of fact are in appellant's favor, the proper procedure is for the trial court to vacate the judgment and enter a new one, whereupon an appeal may be taken from the new judgment.

Sec. 115 of the Constitution provides a right of appeal within the rules of court promulgated for that purpose. It does not guarantee a right of appeal in disregard of the rules.

The cause is reversed for further proceedings consistent with this opinion.

All concur.