James Henry ALLEN, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Court of Appeals of Kentucky.

Jan. 20, 1984.

William C. Ayer, Jr., Appellate Public
Advocate, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., Martin
Glazer, Asst. Atty. Gen., Frankfort, for
appellee.

Before HAYES, C.J., and HOGGE * and
WHITE, JJ.

HAYES, Chief Judge:

This is an appeal from the Kenton Circuit
Court overruling the appellant's RCr 11.42
motion to vacate judgment.

The appellant was convicted pursuant to
a guilty plea on nine (9) counts of first-de-
gree robbery, one (1) count of wanton en-
dangerment, and for being a persistent fel-
ony offender in the first degree. He was
sentenced to consecutive terms totaling 180
years' imprisonment. An additional charge
of first-degree robbery was dismissed as
part of the plea bargain, and the Common-
wealth further agreed not to prosecute on
charges of escape.

Subsequently, the appellant filed a pro se
motion to vacate judgment. He also moved
the court for an evidentiary hearing, and
for the assistance of counsel at that hear-
ing. The trial court denied the evidentiary
hearing and the assistance of counsel for
the hearing, and overruled the motion to
vacate judgment. This appeal followed.

The sole issue in this appeal is whether
the court erred in failing to appoint counsel
and conduct an evidentiary hearing as re-
quested by the appellant.

■ The Commonwealth concedes error
on the trial court's failure to appoint coun-
sel. *Commonwealth v. Ivey*, Ky., 599
S.W.2d 456 (1980). The *Ivey* case does
require that counsel be appointed, when
requested, to assist an appellant in the
presentation of an RCr 11.42 motion to
vacate judgment. However, in this case

* The decision in this case was made prior to    Judge Hogge's departure from the Court.

the appellant did not request counsel to assist with the motion to vacate, but rather requested counsel to assist "at" or "in" the evidentiary hearing. The court found that no evidentiary hearing was necessary. Therefore, the trial court properly denied the request for the assistance of counsel.

 The trial court in this case conducted a lengthy and constitutionally complete guilty plea proceedings. The appellant freely admitted guilt to the charges, satisfaction with the assistance of counsel, and that he was freely, voluntarily, knowingly, and intelligently entering the guilty pleas. Therefore, the record refutes in every way the appellant's allegations in his motion to vacate judgment. No evidentiary hearing was required. *Newsome v. Commonwealth*, Ky., 456 S.W.2d 686 (1970); *Maggard v. Commonwealth*, Ky., 394 S.W.2d 893 (1965).

We believe in this case RCr 11.42(5) controls the appellant's request for counsel. That section of the rule states as follows: "Affirmative allegations contained in the answer shall be treated as controverted or avoided of record. If the answer raises a material issue of fact that cannot be determined on the face of the record the court shall grant a prompt hearing and, if the movant is without counsel of record and is financially unable to employ counsel, shall appoint counsel to represent him in the proceeding, including appeal."

In this case, the appellant requested counsel solely for assistance at the evidentiary hearing that he also requested. However, he was not entitled to an evidentiary hearing, and no evidentiary hearing was necessary. Therefore, his request for counsel was properly denied for the reason that he did not request counsel for purposes of supplementing his motion to vacate. *Cf. Commonwealth v. Ivey, supra.*

Since our review of the record leads us to determine that the guilty plea was properly and constitutionally entered, and the trial court was correct in denying an evidentiary hearing, we believe that the appellant's request for counsel at the evidentiary hearing was properly denied, and the trial court's order overruling the motion to vacate was warranted. It would be an anomaly to reverse and remand to the trial court for the sole purpose of the appointment of counsel to assist in an evidentiary hearing where the record clearly refutes any need for such a hearing.

The judgment is affirmed.

All concur.