**COMMONWEALTH of Kentucky, Movant,**

v.

**Charles R. WINE, Respondent.**

Supreme Court of Kentucky.

May 23, 1985.

Rehearing Denied Sept. 5, 1985.

David L. Armstrong, Atty. Gen., David A. Smith, Asst. Atty. Gen., Frankfort, for movant.

J. Vincent Aprile II, Asst. Public Advocate, Frankfort, William M. Radigan, Louisville, for respondent.

VANCE, Justice.

We have granted discretionary review in this case to consider again the procedures available to a defendant who has been convicted of a crime and who maintains that his right to one appeal granted by the Kentucky constitution has been lost because he did not receive effective assistance of counsel to prosecute the appeal.

This case began in June 1978 with the indictment of the respondent in the Jefferson Circuit Court in a seventeen (17) count indictment charging him with one (1) count of first-degree sodomy, three (3) counts of first-degree sexual abuse, six (6) counts of indecent exposure, one (1) count of attempted first-degree rape, three (3) counts of first-degree unlawful imprisonment, two (2) counts of second-degree unlawful imprisonment, and one (1) count of first-degree robbery.

On June 22, 1978, Honorable Bruce Hadley of the Jefferson County Public Defender's Office was assigned to represent respondent, and by agreement of counsel the case was set for trial on August 30, 1978. Between June 22, 1978 and August 15, 1978 the Commonwealth complied with a defense request to produce certain documents and with a motion for a bill of particulars.

On August 15, 1978, the Honorable J. Vincent Aprile, an employee of the Department of Public Advocacy, without any order of the trial court designating him as counsel, filed a notice in Jefferson Circuit Court that he would serve as co-counsel for respondent, and on the same day he filed a motion for continuance.

In the affidavit supporting the motion for continuance, Mr. Aprile swore that his representation of respondent was in accord with respondent's wishes. Respondent filed his affidavit waiving his right to a speedy trial in order that his counsel might have additional time to prepare for trial.

A continuance was granted until November 15, 1978, and the case was further continued until August 13, 1979, when the trial actually began. Respondent was convicted on nine (9) of the seventeen counts of the indictment and was sentenced to imprisonment for sixteen years.

An appeal was taken to the Court of Appeals, and after several extensions of time, the record on appeal was certified on September 29, 1980.

Respondent's brief was due November 10, 1980, but an extension was granted by the Court of Appeals to December 9, 1980. On the day the deadline expired, Mr. Aprile requested another 30-day extension and cited among other grounds that "he had attended the National Legal Aid and Defender Association's" annual conference, the Thanksgiving holidays had occurred in November, the transcript of evidence was

very long, and he was very busy with other cases.

Another extension of time was granted until January 8, 1981 to file respondent's brief, but the order granting the extension provided that no further extensions of time would be granted. Respondent's counsel did not receive notice of this order until January 5, 1985.

Notwithstanding the notice that no further extensions of time would be granted, counsel filed a motion for another 30-days' extension citing as grounds that he had been told he would have to take his accumulated leave or lose it, that he had taken two days sick leave in December, that the Christmas holidays fell in December, and that he was very busy.

This motion for extension of time was denied, and the appeal was dismissed sua sponte. Respondent then filed a motion for reconsideration of the order dismissing the appeal. The motion was denied.

A motion for discretionary review in this court was denied.

On April 28, 1982, respondent filed a motion in Jefferson Circuit Court pursuant to RCr 11.42 to vacate the judgment of conviction and to enter a new judgment from which respondent could again appeal because the dismissal of the appeal rendered the assistance of his counsel ineffective. This motion was denied without evidentiary hearing. Respondent appealed to the Court of Appeals which reversed the trial court and ordered that the judgment of conviction be vacated and that a new judgment of conviction be entered.

We granted discretionary review of this order of the Court of Appeals.

RCr 11.42 was enacted by Chapter 234, Section 0 of the Acts of the Kentucky General Assembly in 1962. It was subsequently amended in 1964, 1969, 1970, 1976, and 1984. It is presently designated as a motion to vacate, set aside, or correct a sentence and provides that:

"A prisoner in custody under sentence or a defendant on probation, parole or conditional discharge who claims a right to be released on the ground that the sentence is subject to collateral attack may at any time proceed directly by motion in the court that imposed the sentence to vacate, set aside or correct it."

The motion is expressly limited to use when there is a claim of entitlement to release on the ground that the *sentence* is subject to collateral attack. The *sentence* referred to is the sentence imposed by the trial court, and it follows that any collateral attack upon the sentence must necessarily relate to some deficiency in the trial proceedings before sentence or some defect in the sentence itself which renders the sentence defective on constitutional grounds.

The frustration of an appeal due to lack of effective assistance of counsel in the appellate process would not ordinarily be considered as a defect in the sentence and would, therefore, not ordinarily warrant relief pursuant to RCr 11.42 which, by its explicit terms, requires the trial court to focus upon the propriety of its own prior rulings without regard for matters which took place after the imposition of sentence.

This court held in *McIntosh v. Commonwealth*, Ky., 368 S.W.2d 331 (1963) that RCr 11.42 was not an appropriate remedy for an unconstitutional denial of the right of appeal. From that holding until the present time, this court has blown hot and cold on the subject, leaving some uncertainty as to the proper procedure to secure relief when, due to lack of effective assistance of counsel, the right of appeal is lost.

Three years after the decision in *McIntosh, supra,* this court stated:

"It was remarked in *McIntosh v. Commonwealth*, Ky., 368 S.W.2d 331, 335 (1963), that an attack on the trial judgment is not the appropriate remedy for a frustrated right of appeal. However, *Lane v. Brown* [372 U.S. 477, 85 S.Ct. 768, 9 L.Ed.2d 892 (1963)], *supra*, indicates that it is,[2] subject to the condition that such relief may be denied if within a reasonable time the state provides the movant an appeal on the merits, including assistance of counsel." *Hammer-*

*shoy v. Commonwealth*, Ky., 398 S.W.2d 883, 884 (1966).

In *Hammershoy*, an indigent defendant, whose counsel filed a notice of appeal but took no steps to perfect the appeal, was committed to prison and filed pro se a petition to vacate judgment pursuant to RCr 11.42. The trial court was ordered to appoint counsel to perfect the appeal or to vacate the sentence.

Without overruling *Hammershoy, supra*, this court held in *Cleaver v. Commonwealth*, Ky., 569 S.W.2d 166 (1978), that RCr 11.42 does not confer jurisdiction on a circuit court to reinstate a right of appeal and that a right to a belated appeal or to the reinstatement of a lapsed appeal can be granted only by the appellate court which is to entertain it.

*Cleaver*, in many respects, is closely akin to the present case. *Cleaver*, after his conviction, filed a notice of appeal. Thereafter, he filed a motion to hold the appeal in abeyance, four motions for extensions of time in which to file the record, and three motions for extensions of time in which to file appellant's brief. The last motion for extension of time was denied, and the appeal was dismissed.

Thereafter, appellant filed a motion for reconsideration of the order dismissing the appeal, giving as a ground for relief the fact that he was deprived of effective assistance of counsel because counsel failed to properly comply with procedural rules which resulted in the dismissal of his appeal. The motion for reconsideration was denied.

Appellant then proceeded in circuit court, pursuant to RCr 11.42, to seek reinstatement of the appeal on the ground that his right of appeal was frustrated due to lack of effective assistance of counsel. The trial court granted his motion, and appellant proceeded with his new appeal. It was dismissed by this court which held that RCr 11.42 did not authorize a trial court to reinstate an appeal which had been dismissed by an appellate court. *Cleaver v. Commonwealth, supra.*

This court next considered the matter in a brief opinion in *Stahl v. Commonwealth*, Ky., 613 S.W.2d 617 (1981), which ratified *Cleaver, supra*, to the extent of holding that a trial court cannot grant a belated appeal or reinstate a lapsed appeal, but also echoed *Hammershoy, supra*, by holding that an RCr 11.42 attack on a judgment is an appropriate remedy for a frustrated appeal, and that, in a proper case, the trial court may vacate the judgment and enter a new one from which a new appeal may be prosecuted.

*Stahl*, like *Cleaver*, had his appeal dismissed by this court for failure to timely file his brief and, like *Cleaver*, he instituted a proceeding in the trial court pursuant to RCr 11.42. The only apparent difference in the cases was that the trial court reinstated *Cleaver's* appeal, whereas the trial court vacated the judgment against *Stahl* and entered a new judgment from which he appealed.

It thus appears that the opinion of this court in *Stahl, supra*, has attempted to *harmonize Hammershoy v. Commonwealth, supra*, and *Cleaver v. Commonwealth, supra*, by making a distinction between the authority of a trial court to reinstate an appeal which has been dismissed by an appellate court and the authority to vacate a judgment and enter a new one from which a new appeal can be taken after a first appeal from the original judgment has been dismissed by an appellate court.

The terms "belated appeal" and "reinstatement of appeal" are not precisely defined in either *Hammershoy, supra*, or *Cleaver, supra*, nor are they specifically provided for by our rules of procedure. It seems clear, however, that the court, in *Cleaver* and *Stahl*, when speaking of a belated appeal, was referring to the granting of an appeal, belatedly, where no appeal had been timely commenced such as would be the case where no notice of appeal was ever filed.

■ *Cleaver* and *Stahl* refer to the reinstatement of a lapsed appeal; however, an appeal does not lapse of its own accord.

Once commenced by the filing of a timely notice of appeal, a failure to comply with other rules relating to an appeal does not affect the validity of the appeal until it is finally disposed of by action of the court. CR 73.02(2). Reinstatement of an appeal necessarily, therefore, refers to the reinstatement of an appeal which has been dismissed.

■ When an appellate court dismisses an appeal for any reason, the appellant is permitted to move for a reconsideration of the order dismissing the appeal. CR 76.-32(1)(a) and CR 76.38(2). If the appellant, in such a case, claims that his appeal has been dismissed because he has not been afforded effective assistance of counsel to prosecute the appeal, that claim should be made known in response to the motion to dismiss the appeal, or if the dismissal was sua sponte, it should be raised on a motion to reconsider the order of dismissal. In *Cleaver, supra,* such a reconsideration was sought and was denied.

One reason for the holding in *Cleaver* that a trial court could not reinstate an appeal after its dismissal by an appellate court was that such a procedure in reality constituted an appeal to the trial court from a final order of the appellate court. Once the Supreme Court has dismissed an appeal and has denied a motion for reconsideration of its order of dismissal, *Cleaver* held it inappropriate for a trial court to reinstate the appeal, which would, in effect, overrule the Supreme Court and would result in utter confusion in the appellate process.

This case aptly illustrates the need for enforcement of procedural rules relating to appeals. It commenced in 1978 with an indictment, after considerable delay a trial was had in 1979, and it has now languished on various appeals for five and one-half years. It has encountered delay in trial, delay in preparation of the record on appeal, and delay in the filing of appellate briefs which finally resulted in dismissal of the appeal.

The entire appeal process was attempted anew in the trial court and has worked its way through the Court of Appeals back to the Supreme Court for the second time.

This case, and others like it, has a tendency to bring our judicial system to its knees. Some portion of the delay occasioned here can be prevented by eliminating the authority of trial courts to vacate judgments and enter new judgments solely for the purpose of reactivating an appeal.

■ As a result of this review of the law as it has developed in this area, we have concluded that when an appeal has been dismissed, the vacation of the judgment by the trial court pursuant to RCr 11.42 on the ground that the appeal was lost because of ineffective assistance of counsel and the entry of a new judgment from which a new appeal may be taken is not, in fact, distinguishable from the reinstatement of the appeal. To the extent that *Hammershoy, supra,* and *Stahl, supra,* approve such a procedure, they are overruled.

■ We conclude further that RCr 11.42 is designed to permit a trial court an opportunity after entry of judgment to review its judgment and sentence for constitutional invalidity of the proceedings prior to judgment or in the sentence and judgment itself. It is not an appropriate remedy for a frustrated appeal.

■ This does not mean, however, that there is no state court remedy for one who has lost the right of appeal due to the lack of effective assistance of counsel to prosecute the appeal. It simply means that relief must be sought in such a case from the court which has jurisdiction to hear the appeal and that if the request for the reinstatement of an appeal is finally denied by the appellate court with jurisdiction to hear the appeal the request cannot be litigated anew in the trial court pursuant to RCr 11.42.

■ Unquestionably, some requests for the reinstatement of an appeal will raise issues of fact as to whether the actions of counsel may properly be classified as ineffective representation in a constitutional sense, whether trial strategy was involved,

and whether the client consented to or may be properly charged with the alleged ineffectiveness of counsel. The appellate court to which the request for reinstatement is directed may determine these issues for itself and may hold hearings and receive evidence as it considers necessary for such determination or it may refer the matter to the trial court for findings of fact and conclusions of law relating to the issue of the ineffectiveness of counsel.

Our decision herein charts a new course for the future. In the case under consideration, however, respondent followed a procedure approved in *Hammershoy, supra,* and *Stahl, supra,* while they remained the law of the Commonwealth. He thus kept alive his claim that he has been denied an appeal because of the ineffectiveness of his counsel.

Our courts are compelled to abide by the decisions of the United States Supreme Court which has held in unmistakable terms that when a state authorizes an appeal from a conviction in a criminal case, it cannot deny an appeal to an indigent. *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), held that, in a first appeal, an indigent appellant in a criminal case must be supplied with an attorney, and *Evitts v. Lucey,* —— U.S. ——, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), held that due process requires an appellant in a criminal case to be provided with effective assistance of counsel. In *Evitts v. Lucey,* the United States Supreme Court noted that states may enforce procedural rules in a criminal case with sanctions against an attorney rather than dismissing the appeal of the client.

■ It seems abundantly clear from the decisions of the United States Supreme Court that State rules of procedure, however important they may be to the orderly administration of justice, cannot be allowed to frustrate an appeal of an indigent defendant who has been denied effective assistance of counsel.

■ Although the law is still developing as to what constitutes ineffective assistance of counsel in the constitutional sense, it cannot be doubted that the failure of counsel to file an appellate brief which results in the dismissal of an appeal constitutes ineffective assistance. It is as if no appeal had been taken. In such a case, the appeal must be reinstated unless the conduct of counsel has been condoned by, agreed to, or is in some way attributable to the client.

So it is with the respondent. The opinion of the Court of Appeals states that there is no evidence in the record to show that respondent condoned the acts of his appointed counsel which resulted in the dismissal of his appeal. This determination is not clearly erroneous.

It follows that respondent's appeal should be reinstated. There is no reason, however, to vacate judgment and start the appeal process anew. Instead, the Court of Appeals should redocket the original appeal and enter an order granting a reasonable time to respondent to file his brief.

Of course, there is no assurance that counsel for appellant will comply with the time constraints of this order any more than counsel has complied with past time limitations. The United States Supreme Court has held that failure to comply with procedural rules on appellate practice in criminal cases can be enforced through the use of sanctions and disciplinary proceedings against attorneys, but not by the dismissal of an appeal.

The case is remanded to the Court of Appeals for further proceedings in conformity with this opinion.

All concur.