OPINION OF THE COURT
On appeal from an order of the Fayette Circuit Court overruling Respondent’s RCr 11.42 motion which sought to obtain a belated appeal, the Court of Appeals remanded the case back to the circuit court for an evidentiary hearing. We granted discretionary review. We affirm.
Respondent Jones was convicted in 1975 of armed robbery and sentenced to twenty years’ imprisonment. A notice of appeal was filed; however, the record was filed late due to inadvertence of appellate counsel and the appeal was consequently dismissed.
*204 For seven years, nothing else transpired until Jones was convicted in 1982 of theft and for being a persistent felony offender in the first degree. One of the underlying prior offenses in establishing his PFO status was the 1975 armed robbery conviction. Two months after the PFO conviction, Jones filed an RCr 11.42 motion for either vacation of judgment or reinstatement of appeal from the 1975 conviction.
Jones made no reference at the PFO trial, nor by pre-trial motion prior to the PFO trial, relating to any irregularity with the 1975 conviction. The circuit court denied the motion. The Court of Appeals remanded the case to the circuit court to entertain issues of fact which might have resulted in ineffective assistance of counsel at the appellate level on the 1975 conviction.
We held in Alvey v. Commonwealth, Ky., 648 S.W.2d 858 (1983) in unmistakable terms that in a PFO proceeding the defendant must raise any issues about the validity of earlier convictions at the time he is tried as a persistent felon. In Commonwealth v. Gadd, Ky., 665 S.W.2d 915 (1984), we further stressed that the constitutional validity of a previous conviction must be made by pre-trial motion.
A defendant who fails to attack the validity of a previous conviction at the time he is subsequently indicted as a persistent felon waives his right to raise the issue post-trial by an RCr 11.42 proceeding attacking the earlier conviction. Commonwealth v. Stamps, Ky., 672 S.W.2d 336 (1984).
The question raised in this case is whether Jones’ 11.42 motion to vacate judgment from his 1975 conviction, due to the ineffective assistance of counsel in perfecting his appeal, undermines this longstanding rule. We are of the opinion that it does not.
Jones’ efforts to reinstate his appeal from the 1975 judgment of conviction is entirely distinct from attack, or absence of attack, on that judgment in the 1982 PFO proceeding.
The right to appeal a judgment of conviction may not be extinguished because another right of the defendant — the right to effective assistance of counsel — has been violated. Evitts v. Lucey, - U.S. -, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).
The fact that Jones’ prior conviction was used to enhance his 1982 PFO conviction is not relevant to the issue of whether his 1975 appeal was erroneously denied. If it is determined that his earlier attempt to appeal from that judgment was frustrated by ineffective assistance of counsel, Jones is entitled to an appeal as a matter of right from the 1975 conviction.
The manner in which to raise this issue is by an attack on the trial judgment through the filing of an RCr 11.42 motion in circuit court. Hammershoy v. Commonwealth, Ky., 398 S.W.2d 883 (1966). Jones has properly done so. The trial court erred in denying the motion and upon remand should entertain issues of fact which might have resulted in ineffective assistance of counsel at the appellate level. Stahl v. Commonwealth, Ky., 613 S.W.2d 617 (1981). If the trial court’s findings of fact are in Jones’ favor, then it shall vacate prior judgment and enter a new one, whereupon Jones may take an appeal from his 1975 conviction. Evitts, Stahl, supra.
The decision of the Court of Appeals is affirmed.
All concur.