William Miller JONES, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee. (Five Cases).

Court of Appeals of Kentucky.

July 4, 1986.

Discretionary Review Denied by
Supreme Court Sept. 18, 1986.

Phillip J. Shepherd, Appellate Public Advocate, Frankfort, for Appellant.

David L. Armstrong, Atty. Gen., Gerald Henry, Asst. Atty. Gen., Frankfort, for appellee.

Before COOPER, HOWERTON and LESTER, JJ.

LESTER, Judge.

This is an appeal from a decision of the Jefferson Circuit Court which overruled appellant's RCr 11.42 motion concerning several criminal convictions.

Mr. Jones seeks to have four convictions set aside on the grounds that the guilty pleas he entered on those indictments were not knowing and voluntary. As to the fifth conviction, appellant claims he was denied effective assistance of counsel due to his attorney's failure to appeal from that judgment.

Regarding the four convictions based on guilty pleas, appellant had once before been to this Court on an RCr 11.42 motion. On March 5, 1982, we issued an unpublished opinion, (*Jones v. Commonwealth*, No. 81–CA–1900–MR) which reversed the trial court and directed appointment of counsel to assist Jones in the presentation of his RCr 11.42 motions. Following this remand, counsel was appointed and an evidentiary hearing was held, the transcript of which is included in this record.

Similarly, the fifth conviction was the subject of a previous RCr 11.42 appeal in which this Court, again, directed that an evidentiary hearing be held on why appellant's counsel did not file an appeal. (*Jones v. Commonwealth*, No. 84–CA–2520–MR). Evidence on this action was also heard at the aforementioned hearing.

Following this hearing which was held on March 12, 1984, the trial court entered an order overruling appellant's motions to vacate from which this appeal followed.

This case is very similar to the recent decision of the U.S. Supreme Court in *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). In that case, Lucey was convicted of trafficking in controlled substances. His retained counsel filed a notice of appeal to this Court, but failed to

file the statement of appeal when he filed the brief. Our dismissal of the appeal was affirmed by our Supreme Court, and a subsequent motion to vacate the judgment was denied. 105 S.Ct. at 833. The respondent then sought habeas corpus relief in the federal courts which resulted in the Supreme Court decision that effective assistance of counsel on a first appeal as of right is guaranteed by the due process clause of the Fourteenth Amendment.

The Kentucky Supreme Court has recently addressed the procedures to be followed by a convicted criminal defendant who maintains that he has lost his right to an appeal because he did not receive effective assistance of counsel on that appeal. *Commonwealth v. Wine*, Ky., 694 S.W.2d 689 (1985). In *Wine*, the Supreme Court expressly overruled *Stahl v. Commonwealth*, Ky., 613 S.W.2d 617 (1981), and *Hammershoy v. Commonwealth*, Ky., 398 S.W.2d 883 (1966). Those cases had allowed trial courts to vacate judgments pursuant to RCr 11.42 and enter new judgments to be appealed from where ineffective assistance of counsel on appeal was proven. Such procedures are no longer appropriate, and relief must be sought from that court which has jurisdiction to hear the appeal.

This case is one of several currently pending before this Court in which RCr 11.42 motions were filed in circuit court, relief denied, and appeal perfected to the Court of Appeals when *Hammershoy* and *Stahl* were still the law. In order to give effect to the considerations set out in *Evitts v. Lucey, supra,* and *Commonwealth v. Wine, supra,* the Court of Appeals has determined to apply the following procedure to such cases. When such an appeal is presented to a panel, it will be treated as if the motion for a belated appeal had been made in the Court of Appeals. If the Court determines that the appellant has not suffered from ineffective assistance of counsel in an earlier appeal, the order of the circuit court denying him relief will be affirmed, and this will act as an order of the Court of Appeals denying a belated appeal. If the appellant had attempted an earlier appeal which was dismissed due to ineffective as-

sistance of counsel, the earlier appeal will be reinstated. If the appellant was denied the opportunity to even attempt an appeal due to ineffective assistance of counsel, the appellant will be allowed the opportunity to take a new appeal.

In determining whether or not the criminal defendant was victimized by ineffective assistance of counsel, the Court of Appeals will not undertake to hear evidence or make findings itself. Instead, if factual findings are necessary, the matters will be remanded to the circuit court which will make factual findings and report those findings to this Court.

■ Here, we are presented with a criminal defendant's claim that he was denied effective assistance of counsel due to his attorney's failure to appeal from a judgment of conviction. It was stated in *Wine* 694 S.W.2d at 695 that:

> Although the law is still developing as to what constitutes ineffective assistance of counsel in the constitutional sense, it cannot be doubted that the failure of counsel to file an appellate brief which results in the dismissal of an appeal constitutes ineffective assistance. It is as if no appeal had been taken. In such a case, the appeal must be reinstated unless the conduct of counsel has been condoned by, agreed to, or is in some way attributable to the client.

Unlike *Wine,* in the appeal currently before this Court, there is some evidence in the record to suggest that the appellant may in some way be at fault in the loss of his appeal. This matter was not addressed by the circuit court in the ruling it made on his RCr 11.42 motion. That order does not contain any findings of fact relating to the claim of ineffective assistance of counsel.

Accordingly, we are remanding this matter to the trial court for findings of fact and conclusions of law as to the issue of ineffective assistance of appellant's counsel. The circuit court should make findings determining whether the failure to take an appeal may be attributed to the appellant. The circuit court shall hold such hearings

as are necessary and file its findings of fact and conclusions of law with the clerk of this Court within sixty (60) days of the date of this opinion. A panel will then determine whether appellant will be granted a belated appeal.

 As to the other four convictions appealed from herein, we affirm the trial court's denial of post-conviction relief. In those cases, appellant pled guilty in 1975, but now claims his pleas were neither knowing nor voluntary. We have reviewed the entire record on appeal, including the original proceedings and the testimony from the evidentiary hearing, and we disagree. The trial court in this case conducted complete guilty plea proceedings. The appellant even apparently conceded at the hearing that he was guilty on at least some of the indictments. An evidentiary hearing with right to counsel was granted by this Court, and our review of the record leads us to believe the guilty pleas were properly entered. *Allen v. Commonwealth*, Ky. App., 668 S.W.2d 556 (1984). Hence, as to the remaining convictions, the judgment is affirmed.

All concur.