**Marshall Rinicken GREER, Appellant,**

v.

**COMMONWEALTH of
Kentucky, Appellee.**

Court of Appeals of Kentucky.

July 25, 1986.

James C. Shackleford, Lexington, for appellant.

David L. Armstrong, Atty. Gen., Kay Winebrenner, Asst. Atty. Gen., Frankfort, for appellee.

Before LESTER, McDONALD and REYNOLDS, JJ.

LESTER, Judge.

This is an appeal from an order denying appellant's motion to vacate his sentence pursuant to RCr 11.42. The basis for the motion was that Greer received ineffective assistance of counsel below. Following a full evidentiary hearing, the trial court found that appellant did have competent counsel and that his plea was knowingly and voluntarily made.

Appellant asserts on appeal that his retained counsel was ineffective in several areas, including failure to adequately investigate, failure to confer with his client regarding the entry of a guilty plea, and failure to move to withdraw the plea or file a notice of appeal. We have examined the record and reviewed the testimony of the evidentiary hearing and we agree with the trial judge that the record generally refutes Mr. Greer's allegations of ineffectiveness. However, we find one exception which merits some discussion.

We are unable to find any mention in the RCr 11.42 proceedings of the attorney's failure to file an appeal. Yet, Mr. Greer asserts that he requested attorney Receveur to file a notice of appeal for him prior to the expiration of appeal time. A letter, dated and notarized, appears in the record and substantiates this claim. However, there was no discussion of this failure to appeal at the evidentiary hearing.

Recently, our Supreme Court, in discussing ineffective assistance of counsel claims, stated the following:

> Although the law is still developing as to what constitutes ineffective assistance of counsel in the constitutional sense, it cannot be doubted that the failure of counsel to file an appellate brief which results in the dismissal of an appeal constitutes ineffective assistance. It is as if no appeal had been taken. In such a case, the appeal must be reinstated unless the conduct of counsel has been condoned by, agreed to, or is in some way attributable to the client. *Commonwealth v. Wine,* Ky., 694 S.W.2d 689 (1985).

It would appear, therefore, based upon *Wine, supra,* that failure of counsel to file a notice of appeal, upon a timely request, would constitute ineffective assistance, unless "in some way it is attributable to the client."

In the case at bar, appellant entered a plea of guilty, waiving his right to appeal any sentence the trial court might enter. Generally, a plea of guilty constitutes a waiver of all defenses other than that the indictment charged no offense. *White v. Sowders,* 644 F.2d 1177 (6th Cir.1980).

Hence, there is no constitutional right of direct appeal from a plea of guilty. The record indicates that the plea was entered voluntarily, knowingly, and intelligently. *Allen v. Commonwealth,* Ky.App., 668 S.W.2d 556 (1984). It cannot be said to be ineffectiveness for counsel to fail to file a notice of appeal where the defendant has voluntarily waived his right to appeal by pleading guilty. *Sanders v. Commonwealth,* Ky.App., 663 S.W.2d 216 (1983).

Even if we were to treat this case as if a motion for a belated appeal had been made

(*see Wine, supra* ); having determined that the appellant did not suffer from ineffective assistance of counsel below, we affirm the judgment of the circuit court.

All concur.