RENDERED: JULY 7, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1224-MR

AARON ANTONIO EVANS                                  APPELLANT


APPEAL FROM FAYETTE CIRCUIT COURT
v.          HONORABLE KIMBERLY N. BUNNELL, JUDGE
ACTION NO. 18-CR-01191


COMMONWEALTH OF KENTUCKY                              APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, COMBS, AND KAREM, JUDGES.

COMBS, JUDGE: Appellant, Aaron Evans (Evans), appeals from an Order of the

Fayette Circuit Court denying his RCr[1] 11.42 motion to vacate. After our review,

we affirm.

On July 20, 2018, officers with the Lexington Police Department

conducted a narcotics investigation based upon information from a qualified

---

[1] Kentucky Rules of Criminal Procedure.

confidential informant and observed Evans make a hand-to-hand transaction involving heroin with the informant. A traffic stop of Evans's vehicle was undertaken, and marijuana was observed in plain view.

On October 15, 2018, a Fayette County Grand Jury indicted Evans for one count of trafficking in a controlled substance and one count of possession of marijuana. On February 15, 2019, Evans's defense attorney, Chris Wilkie, filed a motion to suppress "the evidence seized in this case after the unreasonable and illegal stop." The motion was set for hearing on March 6, 2019, but subsequently Evans was arrested on federal charges. By Agreed Order, the suppression hearing was removed from the docket and the case was set for a status conference. Multiple court dates were rescheduled because Evans was in federal custody. After petitioning the Commonwealth and the trial court pursuant to the Interstate Agreement on Detainers Act, Evans was returned to state custody in order to resolve the charges in Fayette County.

On August 14, 2020, based upon the Commonwealth's recommended minimum sentence of five years and dismissal of the marijuana charge, Evans pled guilty to the trafficking charge. On September 23, 2020, the trial court entered Final Judgment and Sentence of Imprisonment, adjudging Evans guilty of the crime of Count I, Trafficking in a Controlled Substance, 1st Offense, Heroin. However, the court sentenced him to the five years as recommended -- but ordered

it to run consecutively to his federal sentence rather than concurrently as his counsel had requested. The court dismissed Count 2, the marijuana charge.

In 2021, Evans, *pro se*, filed multiple requests with the trial court that his sentence be run concurrently, all of which were denied.

On February 14, 2022, Evans, *pro se*, filed a form which appears to have originated from another jurisdiction. Although untitled, the instructions on the first page indicate that it is a motion to vacate, set aside, or correct conviction and sentence. The motion provides as follows in relevant part:[2]

> 8. State concisely all the grounds known to you for vacating, setting aside or correcting your conviction and sentence (See Rule PC 1, Sec. 1a)
>
> (a) <u>The Petitioner's right to counsel has been violated.</u>
>
> (b) <u>Counsel was ineffective for failing to challenge the basis for the alleged traffic offense.</u>
>
> (c) <u>Counsel was ineffective for cancelling the motion to suppress hearing, which was not a strategic decision due to the circumstances of this case.</u>
>
> . . .
>
> 9. State concisely and in the same order the facts which support each of the grounds set forth in (8).
>
> (a) <u>The petitioners [*sic*] right to counsel under the Sixth Amendment has been violated, due to counsel</u>

---

[2] Evans's handwritten responses on the original form are underlined.

refusing to make aware of State's Discovery, Lab test, Bill of particulars.

(b) Counsel was ineffective for failing to challenge the traffic stop upon which the offense was based because the police report did not specify the nature of infraction and the stop thus lacked probable cause.

(c) Counsel was ineffective for cancelling the motion to suppress hearing, which was not a strategic decision to the circumstances of this case. By having the hearing could of only helped the petitioners [*sic*] argument to get the charges dismissed.

The form further indicates: that Chris Wilkie was the attorney who had represented Evans; that Evans had not retained an attorney in the current proceeding; that Evans lacked sufficient funds to employ counsel; and that he wished to have the public defender represent him. The form was verified and notarized. An affidavit of indigency was attached.

By Order entered on April 12, 2022, the circuit court granted Evans's motions to proceed *in forma pauperis* and to appoint counsel. The circuit court allowed the Department of Public Advocacy (the DPA) until June 3, 2022, to file any supplemental pleading, extending the time for the Commonwealth to respond and for defendant to file a reply -- if any -- accordingly.

On June 3, 2022, the DPA filed a motion requesting an extension of time until August 31, 2022, in order to review the case and to supplement if

necessary. The circuit court granted that motion by Order entered on June 14, 2022.

On June 15, 2022, Evans, *pro se*, filed a handwritten document ("the June 15th letter") stating that he had **not agreed** to an extension nor to the DPA's representation. Evans further stated, "I would like to continue my 'post conviction' 'ineffective counsel' 'Pro se' until further notice. I would like to proceed without anymore Delays and if allowed I would like to be in court for all future and Further Hearings."

On July 1, 2022, the circuit court granted Evans's "Pro Se Motion to Proceed Pro Se" and released the DPA as counsel of record.

On July 27, 2022, Evans filed a handwritten document dated July 21, 2022, explaining that he had been told that an attorney had been appointed to his case and had requested an extension of time, "which didn't agree with my strategy." Evans further stated that he would like representation, but "no motions filed without [his] approval."

By Order entered on August 1, 2022, the circuit court denied Evans's request to reinstate DPA as counsel.

On August 1, 2022, the Commonwealth filed a response to Evans's RCr 11.42 motion, reciting in relevant part as follows:

> [It] believes that the basis for the Defendant's Motion to
> Vacate is contained in the June 15th letter. Therein the

> Defendant claims that (1) he never agreed to be represented by the DPA and (2) that he did not agree to an extension of the filing deadline. Also, Commonwealth assumes Movant is arguing his original Counsel, Hon. Chris Wilkie was ineffective.
>
> . . .
>
> Movant has not listed any specific grievances about the Hon. Chris Wilkie.

Evans filed a reply (designated as a "Response"), contending that his "guilty plea was not voluntary, knowing & intelligent, therefore [he] was Denied effective assistance of counsel." Evans complained that his counsel never made him aware of the state's discovery, lab test, or bill of particulars; that counsel was ineffective for failing to challenge the traffic stop; and that counsel was ineffective for cancelling the motion to suppress.

By Order entered on September 13, 2022, the circuit court denied Evans's motion to vacate judgment pursuant to RCr 11.42, adopting the Commonwealth's response as its basis.

Evans filed a Motion for Reconsideration, explaining, *inter alia*, the apparent confusion in the Commonwealth's response to his RCr 11.42 motion. Evans stated that he had "filled out a post conviction application packet that a friend printed out and sent off to [him] and that was filed on February 14, 2022[.]" Evans further explained that his June 15th letter -- which the Commonwealth believed was the basis for his RCr 11.42 motion -- had **nothing to do** with his

claim for ineffectiveness of counsel and that he was not claiming ineffectiveness of counsel with respect to the DPA. Rather, Evans's claim for ineffectiveness of counsel was based upon the "Poor Performance" of his defense attorney, Chris Wilkie, as had been set forth in his RCr 11.42 motion (the post-conviction application packet) filed on February 14, 2022, and in his reply to the Commonwealth's response.

By Order entered on October 3, 2022, the circuit court denied Evans's Motion for Reconsideration as follows in relevant part:

> Upon the Court receiving a Pro se Motion from the Defendant For Reconsideration, the Court has reviewed the motion and the record and finds as follows:
>
> The previous motion could be decided on the record; therefore, there was not a need for an evidentiary hearing.
>
> There is no legal basis to change the Court's prior Order.

Evans appeals. His initial argument[3] is that the circuit court erred when it "denied Appellant an evidentiary hearing even though he alleged in his RCr 11.42 specific grounds and facts that if true would warrant relief and the record cannot conclusively disprove the Material issues of fact raised in his motion." Evans further argues that defense counsel was ineffective:

---

[3] This argument is not numbered and precedes Appellant's Argument I.

I.      for violating [his] rights under the Sixth
Amendment U.S.C. and for failing to inform and
Properly Advise [him of] viable defenses.

II.      for failing to challenge the traffic stop upon which
the offense [was] based on the police report did not
specify the Nature of infraction and thus lacked
probable cause.

III.      for failing to move to suppress Evidence and
cancelling motion to suppress hearing.

We address Evans's arguments together. In order to prove a claim for ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the deficiency prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). In *Commonwealth v. Elza*, 284 S.W.3d 118, 120-21 (Ky. 2009), our Supreme Court explained as follows:

> In order to prove ineffective assistance of counsel where a guilty plea has been entered, the movant must establish:
>
> (1) that counsel made errors so serious that counsel's performance fell outside the wide range of professionally competent assistance; and (2) that the deficient performance so seriously affected the outcome of the plea process that, but for the errors of counsel, there is a reasonable probability that the defendant would not have pleaded guilty, but would have insisted on going to trial.

> *Bronk v. Commonwealth*, 58 S.W.3d 482, 486-87 (Ky.
> 2001) (considering claim of ineffective assistance of
> counsel brought pursuant to RCr 8.10 motion to
> withdraw a guilty plea). "[T]he trial court must evaluate
> whether errors by trial counsel significantly influenced
> the defendant's decision to plead guilty in a manner
> which gives the trial court reason to doubt the
> voluntariness and validity of the plea." *Id*. at 487.
>
> Our analysis . . . must begin with the voluntariness
> of [the defendant's] guilty plea. This is because the
> effect of a valid plea of guilty is to waive all defenses
> other than that the indictment charges no offense.
> *Quarles v. Commonwealth*, 456 S.W.2d 693, 694 (Ky.
> 1970). We determine the voluntariness of the plea from
> the "totality of the circumstances." *Rodriguez v.
> Commonwealth*, 87 S.W.3d 8, 10-11 (Ky. 2002). In
> doing so, we "juxtapose the presumption of voluntariness
> inherent in a proper plea colloquy with a *Strickland v.
> Washington* inquiry into the performance of counsel."
> *Bronk*, 58 S.W.3d at 486.

In the case before us, our review of the record reveals that the trial

court determined the voluntariness of Evans's guilty plea by conducting a thorough

*Boykin*[4] colloquy. Evans readily testified that he had no complaints regarding his

lawyer. He admitted that he was guilty of trafficking in a controlled substance,

first offense, heroin. Evans testified that he understood that the Commonwealth's

recommendation -- five years -- was the minimum on a Class C felony. Evans

further testified that his lawyer had discussed with him what the Commonwealth

---

[4] *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).

would have to prove to convict him; the elements of the offenses; possible lesser offense; and possible defenses.

Defense counsel confirmed that he had discussed the elements of the offenses, possible lesser offense, and possible defenses with Evans and confirmed that Evans understood. Evans responded "Yes," when the trial court asked if he agreed with his lawyer's answers. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Edmonds v. Commonwealth*, 189 S.W.3d 558, 569 (Ky. 2006) (internal quotation marks and citation omitted).

Thus, despite any confusion below regarding the June 15th letter *versus* the form as the basis for Evans's RCr 11.42 motion (which Evans addressed in his motion for reconsideration), we are satisfied from our own independent review of the record that the circuit court properly denied Evans's motion without conducting an evidentiary hearing. "[A]n appellate court may affirm a lower court for any reason supported by the record." *Coursey v. Commonwealth*, 593 S.W.3d 64, 67 (Ky. App. 2019).

As aptly stated in *Allen v. Commonwealth*, 668 S.W.2d 556, 557 (Ky. App. 1984):

-10-

The trial court in this case conducted a lengthy and constitutionally complete guilty plea proceedings. The appellant freely admitted guilt to the charges, satisfaction with the assistance of counsel, and that he was freely, voluntarily, knowingly, and intelligently entering the guilty pleas. Therefore, the record refutes in every way the appellant's allegations in his motion to vacate judgment. No evidentiary hearing was required.

Accordingly, we affirm.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Aaron Evans, *pro se*
Beaver, West Virginia

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Joseph A. Beckett
Assistant Attorney General
Frankfort, Kentucky