RENDERED: APRIL 24, 2025
TO BE PUBLISHED

# Supreme Court of Kentucky

2024-SC-0498-OA

BRADLEY MICHAEL WILLIAMS            PETITIONER

V.            IN SUPREME COURT

HONORABLE LARRY E. THOMSPON, CHIEF        RESPONDENTS
JUDGE, COURT OF APPEALS; HONORABLE
SUSANNE M. CETRULO, JUDGE, COURT OF
APPEALS; HONORABLE SARA WALTER
COMBS, JUDGE, COURT OF APPEALS; KATE
RICKLY MORGAN, CLERK, COURT OF
APPEALS

AND

COMMONWEALTH OF KENTUCKY        REAL PARTY IN INTEREST

**OPINION OF THE COURT BY JUSTICE CONLEY**

**<u>DENYING WRIT OF MANDAMUS</u>**

Petitioner, Bradley Williams, requests this Court issue a writ of mandamus to the named Respondents, whom we collectively refer to as the Court of Appeals, to file his CR[1] 60.02 motion seeking reinstatement of his dismissed appeal. Williams avers he timely filed his Notice of Appeal from the underlying RCr[2] 11.42 action in the Hardin Circuit Court, as well as timely filed various responses to the orders issued by the Court of Appeals, pursuant to the Prison Mailbox Rule. RCr 12.04(5); RAP[3] 3(B). For as yet undetermined

---

[1] Kentucky Civil Rules of Procedure.

[2] Kentucky Rules of Criminal Procedure.

[3] Kentucky Rules of Appellate Procedure.

reasons beyond his control, however, the Court of Appeals did not receive the Notice of Appeal or other responses in a timely fashion. Consequently, the Court of Appeals dismissed the appeal. We deny the writ of mandamus because Williams has an available remedy at the Court of Appeals.

## I. Facts and Procedural Posture

On November 28, 2023, the Hardin Circuit Court dismissed Williams' RCr 11.42 motion to vacate his sentence.[4] On December 20, 2023, Williams filed his Notice of Appeal, as supported by the prison mail log submitted with the petition in this Court. For unknown reasons, Hardin Circuit Court did not receive the Notice until January 9, 2024, and it was not filed until January 17, 2024. On January 22, 2024, the Court of Appeals issued a show cause order to Williams to explain why his appeal should not be dismissed for failure to file a timely Notice of Appeal. On January 29, 2024, again supported by the prison mail logs, Williams filed his response. This response was never received by the Court of Appeals.

Therefore, on March 6, 2024, the Court of Appeals dismissed Williams' appeal. Williams states he did not receive this order until July 24, 2024. He filed a motion for reconsideration on July 30, 2024. Williams explains in his brief to this Court that the deadline for filing a motion for discretionary review

---

[4] Williams' original conviction was affirmed. *Williams v. Commonwealth*, No. 2020-CA-1620-MR, 2023 WL 128534 (Ky. App. Jan. 6, 2023). The Administrative Office of the Courts' Case History log submitted by Williams shows the underlying RCr 11.42 motion is the first collateral attack on his conviction. The underlying merits, not before the Court nor relevant to our decision, is an ineffective assistance of counsel claim.

had lapsed by such time thus, he believed the motion for reconsideration in the Court of Appeals was the only avenue for relief available. The motion for reconsideration was returned to Williams for various reasons, such as being unaccompanied by the filing fee or a motion to proceed *in forma pauperis*, as well as the time for filing a motion for reconsideration having lapsed. RAP 43(D). On September 6, 2024, Williams filed a CR 60.02 motion which was returned. He subsequently filed another CR 60.02 motion on September 20, 2024, that was likewise returned.

Williams then filed his petition for a writ of mandamus in this Court. The writ of mandamus pertains to the filing of the CR 60.02 motion. In the body of his petition, however, Williams relies upon the Prison Mailbox Rule and the accompanying prison mail logs to show that he did comply with the timeliness requirements to file his Notice of Appeal and response to the Court of Appeals' Show Cause order. The Court of Appeals argues the Prison Mailbox Rule only applies to the Notice of Appeal. Moreover, it argues this Court has only allowed reinstatements of appeals under two circumstances—either for ineffective assistance of counsel during the appeal or failure of a court clerk to timely notify a party of a judgment affecting the running of the clock to file an appeal. *Commonwealth v. Wine*, 694 S.W.2d 689, 694 (Ky. 1985), *overruled on other grounds by Hollon v. Commonwealth*, 334 S.W.3d 431 (Ky. 2010); *Moore v. Commonwealth*, 199 S.W.3d 132 (Ky. 2006). In brief, although the Court of

3

Appeals concedes[5] it appears Williams did in fact comply with the rules regarding timely filing a notice of appeal, he is, at this point, without a legal remedy—"it is unclear what relief this Court could have afforded Williams in July 2024."

## II. Analysis

It is blackletter law that mandamus is not available to Williams.

> To prevail on the Petition for Writ of Mandamus, it is incumbent upon appellant to establish that the lower court is proceeding or about to proceed without jurisdiction, and there is no adequate remedy by law, or to establish that the lower court, although acting with jurisdiction, is about to act incorrectly and there is no adequate remedy by appeal and great injustice or irreparable injury would result.

*Bock v. Graves*, 804 S.W.2d 6, 9 (Ky. 1991). "Although it has been stated *ad infinitum* in our writ jurisprudence, it bears repeating: 'Lack of an adequate remedy by appeal is an absolute prerequisite to the issuance of a writ under this second category.'" *Jones v. Costanzo*, 393 S.W.3d 1, 8 (Ky. 2012) (quoting *Indep. Order of Foresters v. Chauvin*, 175 S.W.3d 610, 615 (Ky. 2005)). Having had his appeal dismissed upon the conclusion that it was untimely filed, the routine remedy is to file a motion for discretionary review in this Court. *See e.g., Weird v. Emberton*, 306 S.W.3d 67 (Ky. 2010). Therefore, "a writ of mandamus is not necessary as movant has an adequate remedy by filing a motion for discretionary review with our Court." *Owens Chevrolet v. Fowler*, 951 S.W.2d 580, 582 (Ky. 1997).

---

[5] "It appears to this Court that the service problems in this matter lie with the prison mail system: not only is Williams not timely receiving various orders, but also the courts are not receiving what appear to be timely submitted filings."

4

But Williams is correct that by the time he received the order of dismissal (assuming he did in fact receive it in July 2024), the time to file a motion for discretionary review had lapsed. Therefore, he took the peculiar route of filing a motion for reconsideration and then two CR 60.02 motions in the Court of Appeals. We agree with the Court of Appeals that CR 60.02 is unavailable to Williams in this scenario.

CR 60.02 is the "substitute" for and "codification of" the writ of *coram nobis*. *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983); *Sanders v. Commonwealth*, 339 S.W.3d 427, 437 (Ky. 2011). "The writ issued at common law to correct errors of fact unknown to the court at the time of the judgment, without fault of the defendant, which, if known, would probably have prevented the judgment." *United States v. Morgan*, 346 U.S. 502, 516 (1954) (Minton, J., dissenting); *see also Anderson v. Buchanan*, 168 S.W.2d 48 (Ky. 1943) (explaining writ of *coram nobis* in depth). The "judgment" referred to is not the opinions or orders of appellate courts but the final disposition of the trial court which declares the plaintiff either is or is not entitled to the relief sought. *Bluegrass Tr. for Historic Pres. v. Lexington Fayette Urb. Cnty. Gov't Plan. Comm'n*, 701 S.W.3d 196, 207 (Ky. 2024). Our Rules of Appellate Procedure provide clear avenues for relief when a party believes an appellate court has made a mistake regarding a material fact or a point of law. RAP 43(B) and (D). Although Williams apparently was at the mercy of forces beyond his control regarding the timeliness of his filing of a motion for reconsideration, the Court

of Appeals is correct that the Prison Mailbox Rule is explicitly limited to notices of appeal. CR 12.04(5).

Thus, the Court of Appeals would appear to be correct that Williams is without legal remedy. As Kentucky's own Justice Miller once said,

> the total failure of ordinary remedies does not confer upon the court . . . an unlimited power to give relief. Such relief as is consistent with the general law of the land, and authorized by the principles and practices of the courts . . ., will, under such circumstances, be administered. But the hardship of the case, and the failure of the mode of procedure established by law, is not sufficient to justify a court . . . to depart from all precedent and assume an unregulated power of administering abstract justice at the expense of well-settled principles.

*Heine v. Brd. of Levee Com'rs*, 86 U.S. 655, 658 (1873).

That is not the situation here. There is precedent regarding the reinstatement of appeals which is instructive for the present circumstances. In *Wine*, we held a motion for reinstatement was proper where a matter of right appeal was dismissed due to failures of appellate counsel. 694 S.W.2d at 694-95 (Ky. 1985). The *Hollon* decision only overruled *Wine* in a discrete method of procedure; we affirmed that we do not "see any reason to depart from *Wine*'s requirement that one seeking relief from an expired or a dismissed appeal do so by motion in the court with jurisdiction over the appeal." *Hollon*, 334 S.W.3d at 438. We extended this rule to appeals of RCr 11.42 actions in *Moore v. Commonwealth*, holding "we reject the *dictum* . . . that suggests that a reinstated or belated appeal is never available except in a direct first appeal of a judgment of conviction." 199 S.W.3d 132, 139 (Ky. 2006). Our holding in *Wine* was predicated upon the proposition that Due Process under the

6

Fourteenth Amendment trumped state procedural rules where ineffective assistance of counsel was responsible for the appeal's dismissal. *Wine*, 694 S.W.2d at 695.

These cases are not controlling because they pertain to claims of ineffective assistance of counsel, a right guaranteed by the Fourteenth Amendment to the federal constitution. *Evitts v. Lucey,* 469 U.S. 387 (1985). The errors that have led to Williams' appeal being dismissed are conceded to be, apparently, the result of prison officials and their administration of the internal mailing system. Nonetheless, the broader principle involved in these cases is applicable: if an appeal can be restored where ineffective assistance of counsel has lost it, then it seems manifest an appeal may be restored when lost through the conduct of prison officials who are not even the legal representative of the party before the Court. To hold Williams has no legal remedy in these circumstances is tantamount to denying Williams open access to the courts. Ky. Const. § 14.

There is a federal counterpart of access to the courts in the Fourteenth Amendment as acknowledged by *Bounds v. Smith*, 430 U.S. 817, 821 (1977). *Bounds* established that prison authorities must make law libraries available to inmates when representing themselves *pro se* pursuant to that right. *Id.* at 828. In so holding, it noted "[i]t is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. The Supreme Court subsequently explained that it has protected the

7

right of open access to the courts "by prohibiting state prison officials from actively interfering with inmates' attempts to prepare legal documents, *e.g., Johnson v. Avery,* 393 U.S. 483, 484, 489–490 (1969), or file them, *e.g., Ex parte Hull,* 312 U.S. 546, 547–549, (1941)[.]" *Lewis v. Casey*, 518 U.S. 343, 350 (1996). *Ex parte Hull* concerned a case wherein a prisoner had attempted to notarize and mail his court filings by prison officials, who refused to notarize the documents, then actively sought to frustrate his mailing of said documents to his father or the clerk of the relevant court. *Hull*, 312 U.S. at 547-48. In brief, an inmate representing himself *pro se* has a right to send and receive legal documents through the mail subsidiary to the right of access to the courts.

The Commonwealth also has an affirmative duty, independent of the right to access the courts, to see to it that an inmate's legal mail is timely delivered to the postal service, subject only to reasonable regulations to ensure safety within the prison. *Procunier v. Martinez*, 416 U.S. 396, 417-18 (1974). Access to and use of the postal service is a liberty interest under the First Amendment retained by prisoners and "the decision to censor or *withhold delivery* of a particular letter must be accompanied by minimum procedural safeguards." *Id.* at 417 (emphasis added). Indeed, the Supreme Court of the United States has observed that communication between prisoners and non-prisoners implicates the latter's rights as well since communication is achieved between two parties only by the recipient's successful receipt of the message. *Id.* at 408-09.

> Communication by letter is not accomplished by the act of writing words on paper. Rather, it is effected only when the letter is read by the addressee. Both parties to the correspondence have an interest in securing that result, and censorship of the communication between them necessarily impinges on the interest of each.

*Id.* at 408. Thus, it is not merely Williams' right to send his mail that has apparently been hampered by prison officials' mishandling of mail, but the judiciary's ability to receive the timely filings of parties before it in a timely fashion has also been hindered.[6] To suggest the Commonwealth has no duty to timely deliver prisoners' mail to the postal service is absurd, since if there is no such duty then the application of filing deadlines to *pro se* inmates is reduced to asininity—prisoners' mail would be beholden to the whim of prison officials who could choose to deliver it to the postal service whenever they decide to do it.

Therefore, we hold when a *pro se* inmate's appeal of a collateral attack is dismissed for untimely filing the notice of appeal, he may file a motion for reinstatement to demonstrate through the prison mail logs his compliance with the Prison Mailbox Rule. Typically, this will be done through a motion for reconsideration. RAP 43(D)(4). Our rules assume the mails are functioning normally, and absent an abnormal circumstance an extraordinary motion for reinstatement is unnecessary. But when the alleged failure to timely file is

---

[6] The judiciary's interest, however, is not deducible from the First or Fourteenth Amendments but from our status as a branch of the sovereign government of the Commonwealth of Kentucky. It is inherent in government that it should have access to the mails to conduct its business. We will not suffer a department of the executive branch, or its employees, to hinder judicial business by the apparent mishandling of mail intended for the judiciary.

apparently attributable to prison officials and their (mis)handling of the inmate's mail, and said conduct continues through subsequent filings that also preclude timely filing a motion for reconsideration, then mechanical application of deadlines results not in the application of law but in its absence. The right to the appeal (Ky. Const. § 115) is lost by deprivation of the right to access the courts (Ky. Const. § 14 and Fourteenth Amendment) and by the deprivation of access to the postal service to communicate freely (Ky. Const. § 1, Cl. 4 and First Amendment). It is unpalatable in the extreme to countenance one constitutional right to be lost through the seemingly effective denial by prison officials of one or more other constitutional rights.

Consequently, the writ of mandamus is denied because we conclude Williams may return to the Court of Appeals with a motion to reinstate the appeal. This ruling does not absolve Williams of having to comply with the rules requiring filing fees or motions to file *in forma pauperis*. To be clear, we do not order the Court of Appeals to reinstate the appeal, only that it may entertain the motion. The Court of Appeals has only conceded to this Court that Williams has made a *prima facie* case of his compliance with the Prison Mailbox Rule. It is for the Court of Appeals to determine whether that compliance is a fact. *Commonwealth v. Steadman,* 411 S.W.3d 717, 723 (Ky. 2013) (timely filing notice of appeal is issue of particular-case jurisdiction). As we acknowledged in *Wine* for claims of ineffective assistance of appellate counsel,

> the reinstatement of an appeal will raise issues of fact as to
> whether the actions of counsel may properly be classified as

10

ineffective representation in a constitutional sense, whether trial strategy was involved, and whether the client consented to or may be properly charged with the alleged ineffectiveness of counsel. The appellate court to which the request for reinstatement is directed may determine these issues for itself and may hold hearings and receive evidence as it considers necessary for such determination or it may refer the matter to the trial court for findings of fact and conclusions of law relating to the issue of the ineffectiveness of counsel.

*Wine*, 694 S.W.2d at 694-95. Likewise, whether Williams did comply with the Prison Mailbox Rule is a jurisdictional fact inappropriate for this Court to resolve in a mandamus proceeding. The Court of Appeals may conduct a hearing and receive evidence to establish the fact or delegate the proceeding to the trial court, or the Commonwealth could concede Williams has made his case by virtue of the prison mail logs and spare it, Williams, and the judiciary further time and expense.

### III. Conclusion

The writ of mandamus will not lie. The typical remedy available to Williams from the dismissal of his appeal was a motion for discretionary review. But Williams was hindered by the apparent mishandling of his mail by prison officials. Because Williams has a constitutional right to prosecute an appeal from the underlying RCr 11.42 action; a constitutional right to send and receive mail; and a right to send and receive legal mail subsidiary to the constitutional right to access the courts; we hold a motion for reinstatement of the appeal is an appropriate but extraordinary remedy to determine whether

11

Williams did in fact comply with the Prison Mailbox Rule when he filed his Notice of Appeal.

All sitting. All concur.


COUNSEL FOR PETITIONER:

Bradley Williams

COUNSEL FOR RESPONDENTS:

Hon. Larry E. Thompson
Hon. Susanne M. Cetrulo
Hon. Sara Walter Combs
Kate Rickly Morgan

COUNSEL FOR REAL PARTY IN INTEREST:

Russell M. Coleman
Attorney General of Kentucky

Kristin Leigh Conder
Assistant Attorney General