**William Russell EWING, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

Aug. 6, 1987.

Bob H. Little, Asst. Public Advocate, Eddyville, for appellant.

David L. Armstrong, Atty. Gen., David K. Martin, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Justice.

The appellant was convicted of a felony in 1982. His counsel was permitted to withdraw from the case and no notice of appeal was ever filed. On November 25, 1985, he filed an RCr 11.42 motion to vacate the judgment and for the entry of a new judgment from which an appeal can be taken. He alleged in the motion that he was denied an appeal due to the failure of counsel to prosecute an appeal. The motion was denied on the authority of *Commonwealth v. Wine*, Ky., 694 S.W.2d 689 (1985). He appealed to the Court of Appeals, and we granted transfer.

■ The proper procedure to obtain a belated appeal, where due to negligence or ineffectiveness of counsel a defendant has been denied the right to an appeal, is by petition for a belated appeal filed in the appellate court with jurisdiction to hear the appeal. *Thompson v. Commonwealth,* Ky., — S.W.2d — (rendered August 6, 1987); *Commonwealth v. Wine, supra.*

*Commonwealth v. Wine, supra,* was rendered March 23, 1985 and was in effect at the time appellant instituted his RCr 11.42 proceeding. *Commonwealth v. Jones,* Ky., 704 S.W.2d 203 (1986), upon which he now relies had not then been decided and has this day been overruled in *Thompson v. Commonwealth, supra.*

■ The denial of the RCr 11.42 motion to vacate does not preclude the appellant from asserting that he has been denied his right of appeal due to ineffective assistance of counsel, but this claim must be presented to the appellate court with jurisdiction to hear the appeal by an original proceeding seeking the right to prosecute the appeal belatedly.

The judgment of the Jefferson Circuit Court dismissing the motion to vacate judgment is affirmed.

All concur.