**Douglas RAMEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**and**

**COMMONWEALTH of Kentucky, Appellant,**

v.

**Thomas Lankford SIMPSON, Appellee.**

**Nos. 90–SC–654–DG, 90–SC–898–DG.**

Supreme Court of Kentucky.

Feb. 13, 1992.

Thom A. Marshall, Appellate Public Advocate, Prospect, for appellant, Douglas Ramey.

Chris Gorman, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Frankfort, for appellee, Commonwealth of Kentucky.

Chris Gorman, Atty. Gen., Perry T. Ryan, Asst. Atty. Gen., Frankfort, for appellant, Commonwealth of Kentucky.

J. David Niehaus, Frank W. Heft, Jr., Deputy Appellate Defender of the Jefferson Dist. Public Defender, Louisville, for appellee, Thomas Lankford Simpson.

COMBS, Justice.

The issue presented for review is whether, in a felony case where notice has not been waived, the time for taking an appeal from a judgment of conviction can begin to run before the circuit court clerk makes a notation in the docket showing the date and manner of service of notice upon the defendant of the entry of the judgment. On that issue, the Court of Appeals has rendered apparently inconsistent decisions in these two cases.

In 90–SC–654–DG, Ramey, in 1985, was tried and convicted for murder, and sentenced to life in the penitentiary. The clerk of the circuit court noted on the judgment that notice of entry was served by mailing a true copy to the defendant's counsel of record on January 28, 1985. The clerk did not, however, make such a notation in the criminal docket until November 4, 1988, two weeks after this Court had denied Ramey's motion to file a belated appeal.

On November 14, 1988, Ramey filed in the trial court a notice of appeal from the 1985 judgment, and motions to proceed in forma pauperis and for appointment of appellate counsel. These motions were denied on November 29, 1988, on grounds that the time to take an appeal had expired. On December 27, 1988, Ramey filed a motion pursuant to CR 60.01 and 60.02, seeking correction or vacation of the order of November 29, arguing that the time for appeal had not expired, since the clerk's docket notation was not made until November 4, 1988. This motion was denied on December 29, 1988, and from that order Ramey appealed.

Neither Ramey's failure to appeal from the November 29 order (denying his motions to proceed in forma pauperis and for appointment of counsel on the appeal of the 1985 conviction), nor the appropriateness of a motion under CR 60.02 in the circumstances of this case, have been put in issue. As if by consensus, the parties and the Court of Appeals have addressed the propriety only of the order of November 29, and not that of the December 29 order, which is in fact the subject of the present appeal. Not without reservations, we undertake review of the matter in the posture presented, and limit our holding to the issue joined, viz, whether the notice of appeal from the 1985 conviction was timely when filed on November 14, 1988. On that issue, the Court of Appeals held in effect that the time to take an appeal began to run when the defendant had actual notice of the entry of judgment on January 28, 1985, and that the 1988 notice of appeal was therefore not timely.

In 90–SC–898–DG, the Court of Appeals reversed Simpson's 1989 conviction as a persistent felony offender in the second degree, holding that the trial court had erred in permitting, over objection, the use of a 1982 conviction (for which Simpson was on parole) to establish PFO status. The panel reasoned that because the clerk had not made the docket notation showing notice of entry of the 1982 judgment, the time for taking an appeal from that judgment had not begun to run, and therefore could not have expired. That being the case, the 1982 conviction was held inadmissible in the PFO proceeding pursuant to our decision in *Melson v. Commonwealth*, Ky., 772 S.W.2d 631 (1989).

The directly applicable rules are RCr 12.04 and 12.06. RCr 12.04 states, in part:

(3) The time within which an appeal may be taken shall be ten (10) days after the date of entry of the judgment or order from which it is taken, subject to Rule 12.06....

Rule 12.06 in turn provides, in pertinent part:

(1) Immediately upon the entry in the trial court of a judgment, a final order,

or an order that affects the running of time for taking an appeal, the clerk shall serve a written notice of the entry, either by mail or by personal delivery, upon counsel of record for each defendant affected by the judgment or order, or upon the defendant himself if he is without counsel of record.

(2) The clerk shall make a note in the criminal docket of the service required by paragraph (1) of this Rule, which notation shall show the date and the manner of service. Unless notice has been waived, the date of such notation shall be the date of entry for purposes of Rule 12.04(3)....

In examining these provisions, we first note that the time for taking an appeal under RCr 12.04(3) is, by the express language of the rule, "subject to Rule 12.06." With utter consistency, RCr 12.06(2) plainly says that "the date of such [clerk's] notation *shall* be the *date of entry* for purposes of Rule 12.04(3)." (Emphasis added.) Because it is the date of entry which begins the running of time for the taking of an appeal under RCr 12.04(3), we conclude straightaway that the beginning of the ten-day period is the date of the clerk's notation in the criminal docket of the service required by RCr 12.06(1).

■ The Commonwealth argues that Civil Rule 77.04(4) applies via RCr 13.04, and compels a different result. CR 77.-04(1) and (2) are the Civil Rules analogues of RCr 12.06(1) and (2) respectively. For ease of reference, we quote CR 77.04(2):

(2) The clerk shall make a note in the case docket of the service required in paragraph (1) of this rule and the notation shall show the date of service. The date of the notation on the docket of the service of notice of entry, or the date of filing a waiver if prior thereto, shall be the date of entry for the purpose of fixing the running of the time for appeal under Rule 73.02(1).

That rule is essentially identical to RCr 12.06(2). But the criminal rules contain no equivalent of CR 77.04(4), which provides:

(4) Failure of the trial court to require service of notice of entry of any judg-

ment or order under this rule or the failure of the clerk to serve such notice, or the failure of a party to receive notice, shall not affect the validity of the judgment or order, and does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 73.02(1).

First, it is questionable whether this section applies to criminal matters. It refers to judgments entered "under this rule," i.e., judgments entered pursuant to CR 77.-04(1), which section has clearly been superseded in the criminal context by RCr 12.-06(1). But even assuming that section (4) applies to criminal proceedings, we do not believe it affects the outcome of the cases before us. The section makes no direct reference to the docket notation. The most that can be said for the Commonwealth's argument is that the rule appears inconsistent in that the clerk's docket notation is both mandatory and critical to the time for appeal under section (2), but the actions which that notation must record are not determinative under section (4). Indeed, these sections might be read to say that, in order to initiate the time for appeal, the clerk must make a notation that service was made, but need not have effected service in fact. That conundrum must await an appropriate case, where clerical duplicity is alleged. Here, CR 77.04(4) by its own terms defers to CR 73.02(1), sub-section (a) of which provides that the time for filing notice of appeal is subject to CR 77.04(2), *supra.* We grant that it is reached by a circuitous route, but the conclusion must again be that the date of entry, for purposes of defining the window of appeal, is the date of the notation on the docket.

A reading of CR 77.04(2) is beneficial in resolving an arguable ambiguity in RCr 12.06(2). We believe the rules advert to two dates, which ought to be but might not be identical: the date that service is made, which is reflected in the docket notation; and the date that the notation itself is made. While one might argue that the "date of such notation" in RCr 12.06(2) means the date of service *appearing* in the

notation, we view as crucial the date on which the notation is made in the docket. The language of CR 77.04(2) is more clear in this respect, and supports our conclusion, as it refers to "the date of the notation on the docket." A notation therefore may not be retroactive. For example, if a clerk makes a notation today, stating that notice of entry was served in, say, 1982, then the time for taking appeal is not extinguished, but begins to run today.

■ The fact that Ramey certainly and Simpson quite probably had actual notice of the entry of the respective judgments against them does not alter our decision. Under the rules as written, unless notice has been waived the controlling event in defining the time in which a notice of appeal may be filed is the notation by the clerk in the docket, made in compliance with RCr 12.06(2), as to service of notice of the entry of judgment. A criminal defendant enjoys a constitutional right of appeal, subject to compliance with fair and reasonable rules of procedure. We will not frustrate a defendant's reliance upon those rules.

In 90–SC–654–DG, the decision of the Court of Appeals is reversed, and the matter is remanded to Bath Circuit Court with directions to vacate its orders of December 29, 1988, and November 29, 1988, and to consider on their merits Ramey's November 14, 1988, motions to proceed in forma pauperis and for appointment of appellate counsel, notice of appeal having been timely filed.

In 90–SC–898–DG, the decision of the Court of Appeals is affirmed, Simpson's conviction as a persistent felony offender is reversed, and the matter is remanded to Jefferson Circuit Court for resentencing in conformity with this opinion.

All sitting. All concur.