Tracey CASSETTY, Appellant

v.

COMMONWEALTH of Kentucky, Appellee

2014-SC-000716-DG

Supreme Court of Kentucky.

RENDERED: AUGUST 25, 2016

**130**

COUNSEL FOR APPELLANT: Kathleen Kallaher Schmidt, Assistant Public Advocate, Department of Public Advocacy, 5 Mill Creek Park, Section 100, Frankfort, Kentucky 40601

COUNSEL FOR APPELLEE: Andy Beshear, Attorney General, Nathan Todd Kolb, Office of the Attorney General, Assistant Attorney General, 1024 Capital Center Drive, Frankfort, Kentucky 40601-8204

OPINION OF THE COURT BY JUSTICE NOBLE

This case presents a single question: Does a notice of appeal naming only an order denying a recusal motion and not the final judgment substantially comply with the requirements of the Civil Rules so as to invoke the Court of Appeals' jurisdiction and avoid dismissal of the appeal? This Court concludes that it does not.

## I. Background

In 2011, the Appellant, Tracey Cassetty, was charged with felony theft by unlawful taking. He appeared before Judge Tyler Gill and entered into a diversion agreement with several conditions, including his entering a guilty plea with a recommended sentence of five years, paying restitution that day, and remaining drug free and subject to random testing. The court also entered an order of referral to drug court. Although the court's orders do not state that completion of drug court was a condition of his diversion, the judge's statements during the entry of the plea make this condition clear.

Cassetty's drug-court program was also presided over by Judge Gill. As part of that program, Cassetty entered a rehabilitation facility. Unfortunately, he had difficulty with the facility and was released from it. He also appears to have failed at least one drug screen. As a result, he was discharged from drug court, setting in motion the process to revoke his diversion.

Cassetty moved to recuse Judge Gill from the revocation proceeding, citing his presiding over the drug-court proceedings. Although the judge's previous practice had been to recuse in such cases, he denied the motion. He noted that the Judicial Ethics Committee had issued an opinion, JE-122, stating that it is not a breach of the judicial canons for a judge to preside over a defendant's drug-court program and a rev-

ocation hearing based on a violation of the terms of that program, unless the judge has learned information outside the court process. In light of this opinion, the judge concluded that recusal would now violate Canon 3B(1), which states that a "judge shall hear and decide matters assigned to the judge except those in which disqualification is required." The order denying the motion to recuse was signed on March 5, 2013, and filed by the circuit clerk on March 6.

On March 7, the court held the revocation hearing and revoked Cassetty's diversion. The court signed the revocation order that day, but it was not entered by the clerk until March 19.

Also on March 7, Cassetty's counsel signed and submitted his notice of appeal to the circuit court. The notice identified only the "Court's Order Denying defendant's Motion to Recuse" as the matter being appealed. The notice was received by the clerk's office on March 13, but it was not immediately entered. It is not clear why that was the case, though the Court of Appeals suggested that it was because no filing fee or motion to proceed *in forma pauperis* had accompanied it. A review of the record, however, reveals a motion to proceed *in forma pauperis* signed by Cassetty's counsel on March 12 and filed by the clerk on March 19. That motion was granted on March 22. The notice of appeal was finally entered by the clerk on April 22.

In the meantime, Cassetty was sentenced on March 28. The judge signed the final judgment imposing the five-year sen-

tence that day. The clerk, however, entered the final judgment on April 16.

At the Court of Appeals, Cassetty argued that the trial judge erred and should have recused from the diversion-revocation and sentencing proceedings. The Court of Appeals declined to address the merits of this claim, however. Instead, the court dismissed the appeal because it "was filed from an interlocutory order." The court noted that the notice of appeal "states only that [Cassetty] is appealing from the order denying the motion to recuse." The court concluded that the recusal order was not a final judgment or order as it did not adjudicate all of Cassetty's rights, as required for finality by Civil Rule 54.01, nor had it been made final by the recitations required by Civil Rule 54.02. (It said the order was "final and appealable" but did not say there was "no just cause for delay.")

Cassetty sought discretionary review from this Court, claiming that the rule of substantial compliance should allow his appeal to proceed,[1] and that motion was granted.

## II. Analysis

■ Generally speaking, the Court of Appeals' jurisdiction is "appellate only." Ky. Const. § 111(2). This jurisdiction is to be exercised only "as provided by law." *Id.* This language has been read as giving the General Assembly the authority "to prescribe the appellate jurisdiction of the Court of Appeals." *Commonwealth v. Farmer*, 423 S.W.3d 690, 693 (Ky.2014). The General Assembly has done so in KRS 22A.020. Under that statute, except in limited circumstances not applicable to this case,[2] an appeal to the Court of Appeals is

---

**1.** Although the issue Cassetty sought to raise before the Court of Appeals concerned the trial court's recusal decision, the motion for discretionary review did not present that question. And that makes sense, as the Court of Appeals, having dismissed the case for a

procedural defect, never reached that issue. There is no decision of the Court of Appeals on that issue to review.

**2.** The exception is addressed to certain interlocutory civil orders, which may be appealed

allowed only from a circuit court's final order or judgment. *See* KRS 22A.020(1) (allowing appeal of "conviction, final judgment, order, or decree in any case in Circuit Court"). Indeed, absent such a final order or judgment, the Court of Appeals actually lacks jurisdiction to hear the appeal. *Farmer,* 423 S.W.3d at 693.

A final order or judgment is one "adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final under Rule 54.02." CR 54.01. In a criminal case, this is ordinarily the judgment of conviction and sentence, or a similarly named document.

 Litigants seeking to pursue an appeal are required to file with the trial court a notice of appeal. The notice of appeal is the procedural mechanism by which the appellate court's jurisdiction is invoked. *Johnson v. Smith,* 885 S.W.2d 944, 949 (Ky.1994). The rules governing the content of a notice of appeal have always been clear: the notice must "identify the judgment, order or part thereof appealed from." CR 73.03(1). Thus, to comply with the rules, a notice of appeal must identify the final order or judgment being appealed; naming another type of order, such as an interlocutory or post-trial order, is insufficient.

The notice-of-appeal rules were once applied strictly. Thus, it used to be that a notice of appeal naming only an order denying a post-judgment motion, such as for a new trial, was insufficient to invoke the jurisdiction of the appellate court, thereby requiring dismissal of the attempted appeal. *See, e.g., Foremost Ins. Co. v. Shepard,* 588 S.W.2d 468, 469 (Ky.1979).

The same rule would also extend to a notice of appeal naming only a non-appealable interlocutory order. There is no appellate jurisdiction over the typical interlocutory order. And it is for that reason that attempted interlocutory appeals are dismissed. *See, e.g., Tax Ease Lien Investments 1, LLC v. Brown,* 340 S.W.3d 99, 104 (Ky.App.2011). Cassetty does not deny that the trial court's order denying the motion to recuse was such an order. If strict compliance were still the rule, then Cassetty's notice of appeal would unquestionably be fatally defective.

But the Civil Rules were amended in 1984 so that dismissal was strictly required only for failure to timely file the notice of appeal. *See Ready v. Jamison,* 705 S.W.2d 479, 481 (Ky.1986) (discussing the amended CR 73.02). We have read this amendment generally as adopting a rule of "substantial compliance." *Id.* For many notice-of-appeal errors, dismissal, while still available, is no longer automatic, and other, lesser sanctions are also available. *Id.*

Thus, a notice of appeal naming only the order denying a post-judgment motion, although previously fatally defective, can now constitute substantial compliance with the rules and is usually sufficient to invoke appellate jurisdiction. Under this approach, "[d]ismissal is not appropriate ... so long as the judgment appealed from can be ascertained within reasonable certainty from a complete review of the record on

if allowed by this Court. KRS 22A.020(2) ("The Court of Appeals has jurisdiction to review interlocutory orders of the Circuit Court in civil cases, but only as authorized by rules promulgated by the Supreme Court."). Generally speaking, that jurisdiction has been extended only to orders granting or denying temporary injunctive relief under Civil Rule 65.07. Appeals of denials of sovereign and related immunities are also immediately appealable. *Breathitt County Bd. of Educ. v. Prater,* 292 S.W.3d 883 (Ky.2009). Neither exception applies to this case. In criminal cases, the *Commonwealth* is allowed interlocutory appeals in limited cases, *see* KRS 22A.020(4), but that exception also has no application here.

appeal and no substantial harm or prejudice has resulted to the opponent." *Id.* at 482.

Although in *Ready* the substantial-compliance rule was applied to a notice of appeal naming the wrong order, the rule has also been applied to at least some "premature" notices of appeal, that is, notices filed where there is only a technically interlocutory decision. Perhaps the best example of this is where the notice of appeal is filed from a judgment before it becomes final and then a post-trial motion is filed rendering the judgment interlocutory in nature until the motion is resolved. *See, e.g., Johnson v. Smith,* 885 S.W.2d 944 (Ky.1994). In such circumstances, the notice of appeal is treated as relating forward to the final judgment. *Id.* at 949. This is an application and adoption of *FirsTier Mortgage v. Investors Insurance Co.,* 498 U.S. 269, 111 S.Ct. 648, 112 L.Ed.2d 743 (1991). The rule of relation forward allows a premature notice of appeal to invoke the appellate court's jurisdiction because there is no prejudice to the appellees: the notice of appeal "serve[s] the essential purpose of [Civil Rule 73.02]," *Johnson,* 885 S.W.2d at 949, namely, giving the appellee notice of the intent to appeal in a reasonably timely fashion. Thus, as *Johnson* made clear, "[e]xcepting for tardy appeals and the naming of indispensable parties, we follow a rule of substantial compliance." *Id.* at 950. The relation-forward rule is thus a sub-rule of the substantial-compliance doctrine.

Cassetty claims that his notice of appeal should be treated as acceptable under the substantial-compliance doctrine. He claims, for example, that under these circumstances, the judgment appealed from is readily ascertainable and there is no prejudice to the Commonwealth, as required under *Ready*. Although he has identified only the broader substantial-

compliance doctrine as the basis for his claim, because his notice of appeal was premature, Cassetty is in fact invoking the narrower relation-forward rule.

Although Cassetty is likely correct that the Commonwealth is not substantially prejudiced, his first point is more questionable. The final judgment in this case is ascertainable only because of a quirk in the timing of the named interlocutory order denying recusal, which in turn resulted from the timing of Cassetty's motion filed near the very end of the trial court's proceedings. But in many cases where recusal is sought, the motion to recuse will not be filed shortly before the final judgment is entered but, instead, will come at the beginning of the case. An order denying such a motion could be entered *years* before the final judgment is rendered. Allowing a notice of appeal filed within thirty days of such an order to relate forward to the final judgment does not serve the notice purposes of Civil Rule 73.02 except in the most attenuated, technical sense. It would be little different than allowing a notice of appeal filed shortly after the complaint and stating an intent to appeal any adverse decision to relate forward to the final judgment.

It is for that reason that the relation-forward rule includes a significant exception. As noted in *FirsTier Mortgage,* the rule does not "permit[ ] a notice of appeal from a clearly interlocutory decision—such as a discovery ruling or a sanction order under Rule 11 . . .—to serve as a notice of appeal from the final judgment." 498 U.S. at 276, 111 S.Ct. 648. Rather, the rule applies to "the unskilled litigant who files a notice of appeal from a decision that he reasonably but mistakenly believes to be a final judgment, while failing to file a notice of appeal from the actual final judgment." *Id.* With respect to a clearly interlocutory order: "A belief that

such a decision is a final judgment would not be reasonable." *Id.*

As noted above, the rule in *FirsTier Mortgage* has been adopted by this Court. Our adoption of this rule included its exception for clearly interlocutory orders. *See Johnson,* 885 S.W.2d at 950 n. 1 (noting "this rule does not permit 'a notice of appeal from a clearly interlocutory decision—such as a discovery ruling or a sanction order" ' (quoting *FirsTier Mortgage,* 498 U.S. at 276, 111 S.Ct. 648)); *accord Bd. of Regents of W. Ky. Univ. v. Clark,* 276 S.W.3d 819, 821 n. 2 (Ky.2009). Thus, the relation-forward aspect of substantial compliance applies only where the notice of appeal identifies a technically "nonfinal order [that] would be appealable if followed by the formal entry of judgment." *Clark,* 276 S.W.3d at 821. In other words, it applies to the type of decision that would result in a final judgment but for some technicality staying the court's hand, such as the filing of a post-trial motion tolling finality of the court's judgment. In such instances, the relevant final judgment is readily ascertainable because the order or judgment identified in the notice of appeal is either directly related to the final order (as in the case with post-judgment orders) or in fact becomes the final judgment (as in the case of judgments made temporarily interlocutory by post-judgment motions).

An order denying a motion to recuse is not that type of decision. Indeed, such a decision falls squarely in the category of the clearly interlocutory, much like a ruling concerning discovery or sanctions. Final judgment could not follow such a ruling as it does not resolve the rights or claims of the parties. For example, in Cassetty's case, the judge's recusal decision, either way, could never dictate whether diversion would be revoked and sentence imposed.

Any right a litigant may have in recusal is a procedural right and does not go to the substantive claims raised in the lawsuit or prosecution. While that right is no doubt an important one, and a decision regarding it becomes merged with the final judgment (and is thus appealable), any such decision is nonetheless interlocutory until final judgment is entered. The relation-forward doctrine cannot apply to a notice of appeal naming such a decision instead of a final judgment.

Naming an order denying recusal, rather than the final judgment disposing of the case, is simply no compliance at all. That is why *FirstTier Mortgage,* and our own cases applying it, exempts purely interlocutory orders from the relation-forward rule. And, as noted above, there is no appellate jurisdiction over purely interlocutory orders. This Court concludes that the rule of substantial compliance, which allows lesser sanctions to be imposed when needed, simply does not apply to premature notices of appeal naming only clearly interlocutory orders.

Cassetty argues that this approach would violate his constitutionally guaranteed right of appeal. First, the rules concerning appellate procedure are a proper and necessary means of governing the orderly disposition of appeals. That right is "subject to compliance with fair and reasonable rules of procedure." *Ramey v. Commonwealth,* 824 S.W.2d 851, 854 (Ky. 1992); *cf. Brown v. Commonwealth,* 551 S.W.2d 557, 559 (Ky.1977) ("Substantive rights, even of constitutional magnitude, do not transcend procedural rules, because without such rules those rights would smother in chaos and could not survive."). That a breach of those rules may result in a defendant's inability to pursue an appeal does not violate the constitutional right to an appeal.

Second, Cassetty assumes that dismissal of this appeal would result in his receiving

no appeal at all. But as he notes in his brief, belated appeals are allowed "where due to negligence or ineffectiveness of counsel a defendant has been denied the right to an appeal." *Ewing v. Commonwealth*, 734 S.W.2d 475, 476 (Ky.1987).[3] Cassetty's right to appeal therefore has not yet been fully extinguished.

### III. Conclusion

Simply put, a notice of appeal naming only an order denying a motion to recuse, and not a final judgment, is fatally defective. Neither the rule of substantial compliance nor its subsidiary rule of relation forward can salvage such a notice of appeal. As such, such a notice of appeal fails to invoke the jurisdiction of the appellate court, and the attempted appeal should be dismissed. Therefore, the order of the Court of Appeals dismissing Cassetty's appeal is affirmed.

All sitting. All concur.

---

**3.** Of course, Cassetty asks this Court, in the alternative, to allow him a belated appeal under *Ewing*. But as noted in that case, "proper procedure to obtain a belated appeal, where due to negligence or ineffectiveness of counsel a defendant has been denied the right to an appeal, is by petition for a belated appeal filed in the appellate court with jurisdiction to hear the appeal." *Ewing*, 734 S.W.2d at 476. The appropriate court for such a petition would be the Court of Appeals, not this Court.