# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

# Supreme Court of Kentucky

2018-SC-000492-DG

GENARO HERRERA HERNANDEZ            APPELLANT


ON APPEAL FROM JEFFERSON CIRCUIT COURT
V.          HONORABLE AUDRA JEAN ECKERLE, JUDGE
NO. 13-CR-001336


COMMONWEALTH OF KENTUCKY          APPELLEE


**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**


Genaro Herrera Hernandez, an indigent criminal defendant from Guatemala, struck a motorcyclist and passenger with his vehicle while he was intoxicated, killing the driver and injuring the passenger. On September 25, 2015, he entered unconditional guilty pleas to manslaughter in the second degree, assault in the first degree and misdemeanor offenses, and received a ten-year sentence. On March 7, 2016, Hernandez filed a notice of appeal from the trial court's February 4, 2016, order which declined to amend its previous August 5, 2015, order approving a reduced fee submitted by a Spanish interpreter for services rendered in Hernandez's defense. On appeal, Hernandez argued that the trial court abused its discretion by not authorizing

1

payment of the full amount of the interpreter's invoiced bill. Ultimately, the Court of Appeals granted the Commonwealth's motion to dismiss the appeal, on grounds that the appeal was not timely filed and an indispensable party (the interpreter) was not named in the notice of appeal. We affirm the Court of Appeals' determination that the appeal was untimely filed, and thus need not reach the indispensable party issue.

## I. Factual and Procedural Background.

Prior to pleading guilty, Hernandez was appointed a public defender and sought to suppress statements he made during a police interview. He received permission from the trial court to retain the services of a Spanish-language interpreter, Ilse Apestequi, for out-of-court interpretive services. The court's order authorized payment on proof of "all reasonable fees for out-of-court interpretive services incurred by the defendant . . . up to $5,000." The trial court approved the interpreter's first bill for $777, and the third bill for $339.43. However, the trial court questioned the interpreter's second bill for $2,520, which represented charges for interpretation and written translation of Hernandez's audiotaped interview with police which lasted a total of 69 minutes. The court found the amount of this invoice to be unreasonable and unnecessary and reduced it to $1,200 by order entered August 5, 2015.

Seven weeks later, on September 25, 2015, Hernandez entered unconditional guilty pleas to manslaughter in the second degree, assault in the first degree and misdemeanor offenses; waived filing of the Presentence Investigation Report; was sentenced; and final judgment was entered that day. On October 12, 2015 - 17 days after entry of the final judgment - Hernandez

tendered a Motion for Reconsideration of Expert Witness Fees and requested an ex parte hearing to address the trial court's reduction of the interpreter's fees from $2,520 to $1,200. The trial court agreed to reconsider the fee request, but ultimately declined to approve additional funds, setting forth its reasons in an order entered February 4, 2016, which the court designated as final and appealable.[1] On March 7, 2016, Hernandez filed a notice of appeal from that order, claiming the trial court abused its discretion by only approving a reduced fee for the interpreter. Following the Court of Appeals' dismissal of the appeal on procedural grounds, this Court granted Hernandez's petition for discretionary review.

## II.   Analysis.

On September 25, 2015, when Hernandez's final judgment was entered, all matters in his case, including the trial court's August 5, 2015, order approving a reduced fee for the interpreter, became final. At that point, Hernandez could have filed a motion to alter, amend or vacate the final judgment, or filed a timely notice of appeal, if he wished for the trial court, or an appellate body, to further address the issue of the interpreter's fees. He did neither.

Instead, he waited until October 12, 2015 to file a Motion for Reconsideration of Expert Witness Fees. However, the trial court lost jurisdiction of this case on October 5, 2015 - ten days after entry of the final

---

[1] The trial court's February 4, 2016, Order states that "defendant has not provided the Court with any authority that this Order is final and appealable for himself, the Office of the Public Defender, the Interpreter, and/or the Finance Cabinet. However, to allow further review of the issues by an appellate body, the Court will designate this Order as final and appealable. Defendant is once again free to proceed *in forma pauperis*, here and on appeal."

judgment - because no motion to alter, amend or vacate was filed. *Commonwealth v. Steadman,* 411 S.W.3d 717, 721 (Ky. 2013). As a result, Hernandez's October 12, 2015, motion and the trial court's subsequent orders were null and void, as the trial court lacked jurisdiction to consider any additional motions or issue any further orders after the 10 days had passed to alter, amend or vacate the final judgment.

Because the trial court lacked jurisdiction to issue the February 4, 2016, order, Hernandez's notice of appeal from that order was inconsequential. Had Hernandez wished to appeal the trial court's decision to approve a reduced fee for the interpreter, he would have had to file a notice of appeal within 30 days from entry of the September 25, 2015, final judgment, although whether his appeal would have proceeded is debatable. *See Windsor v. Commonwealth,* 250 S.W.3d 306, 307 (Ky. 2008) (holding that an unconditional guilty plea waives the right to appeal with limited exceptions including "competency to plead guilty; whether the plea complied with the requirements of *Boykin v. Alabama,* 395 U.S. 238, 244, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); subject matter jurisdiction and failure to charge a public offense; and sentencing issues[]" (footnotes omitted)).

Unconditional guilty pleas aside,

> except in limited circumstances . . . an appeal to the Court of Appeals is allowed only from a circuit court's final order or judgment. *See* KRS[2] 22A.020(1) (allowing appeal of "conviction, final judgment, order, or decree in any case in Circuit Court"). . . .
>
> A final order or judgment is one "adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final

---

2 Kentucky Revised Statutes.

4

under Rule 54.02." CR[3] 54.01.  In a criminal case, this is ordinarily the judgment of conviction and sentence, or a similarly named document.

. . . Thus, to comply with the rules, a notice of appeal must identify the final order or judgment being appealed; naming another type of order, such as an interlocutory or post-trial order, is insufficient.

*Cassetty v. Commonwealth*, 495 S.W.3d 129, 131–32 (Ky. 2016).

RCr[4] 12.04(3) provides that "[t]he time within which an appeal may be taken shall be thirty (30) days after the date of entry of the judgment or order from which it is taken[.]"  Therefore, procedurally, Hernandez's failure to file a notice of appeal within 30 days of the September 25, 2015, final judgment was fatal.  *See Cassetty*, 495 S.W.3d at 132 (holding that while the doctrine of substantial compliance applies with respect to some notice-of-appeal errors, dismissal is strictly required for failure to timely file the notice of appeal) (citing *Ready v. Jamison*, 705 S.W.2d 479, 481 (Ky. 1986) (discussing the amended CR 73.02)).  Accordingly, the Court of Appeals properly dismissed Hernandez's appeal as untimely.

### III.   Conclusion.

For the foregoing reasons, the Court of Appeals' opinion is affirmed.

Minton, C.J.; Hughes, Keller, Lambert, VanMeter and Wright, JJ., sitting.  All concur.  Nickell, J., not sitting.

---

[3] Kentucky Rules of Civil Procedure.

[4] Kentucky Rules of Criminal Procedure.

COUNSEL FOR APPELLANT:

Cicely Jaracz Lambert
Chief Appellate Defender
Louisville Metro Public Defender's Office

Leo Gerard Smith
Louisville Metro Public Defender
Louisville Metro Public Defender's Office

Euva D. May
Assistant Appellate Defender
Louisville Metro Public Defender's Office


COUNSEL FOR APPELLEE:

Daniel Jay Cameron
Attorney General of Kentucky

James Daryl Havey
Assistant Attorney General