RENDERED: AUGUST 18, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0447-MR

JAMES PHILLIPS AND DEBORAH
PHILLIPS                                                                          APPELLANTS


APPEAL FROM BRECKINRIDGE CIRCUIT COURT
v.          HONORABLE BRUCE T. BUTLER, JUDGE
ACTION NO. 12-CI-00026


GERARDO JAIME AND LETICIA
JAIME                                                                              APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CALDWELL, AND CETRULO, JUDGES.

CALDWELL, JUDGE: This case concerns a controversy over use of a road which

runs adjacent to the real property of both parties. The Breckinridge Circuit Court

entered partial summary judgment on the question of whether the road was a public

road or private prior to a jury trial. The Phillipses now appeal both the jury

determination and the entry of partial summary judgment. We affirm.

## FACTS

In the mid-1990s, Ann Schubert conveyed property (hereinafter "Schubert lots") situated in Breckinridge County, Kentucky, to Chris McGehee. In 1995, Chris McGehee executed a contract for deed in favor of Gerardo and Letitia Jaime for a portion of the Schubert property that included lots 12, 13, and 14. James and Deborah Phillips obtained lots 5, 7, and 15 in 2004, also via a contract for deed from McGehee.

The subdivision plat filed in the Clerk's office indicates a road which runs through the subdivision, servicing all lots. That road is an unimproved gravel road.

The Jaimes improved their lots and used the property as their primary residence while the Phillipses used the property for recreation, having erected various structures upon it. The two couples were friendly and shared a gravel road which provided access to the Schubert lots from a paved road. Eventually, both couples erected gates upon the road close to their properties to prevent access to the road by anyone other than themselves and their guests.

Over time, the parties began to disagree over the use of the road. The Jaimes then changed the code to their gate, effectively preventing the Phillipses from access to the road. The Phillipses could still access their property, however, via a secondary gravel road that the Jaimes had constructed for that purpose.

Dissatisfied with this access, the Phillipses filed suit in 2012. The suit sought access to the road the Phillipses had previously used. The court denied the Phillipses an injunction they were seeking to require the Jaimes to provide access through the gate. In answering the Phillipses' complaint, the Jaimes argued they satisfied the requirements of adverse possession of the roadway and had a right, therefore, to legally terminate any easement in favor of the Phillipses.

As the matter proceeded towards trial, the trial court remanded the court date to await the Kentucky Supreme Court's decision in *Kircheimer v. Carrier*.[1] After that opinion was rendered, the Phillipses filed a motion for partial summary judgment, seeking a ruling regarding the Jaimes' claim they had obtained the road by adverse possession. Following a deposition of McGehee, the grantor to both parties, and the serving of all property owners of the Schubert lots, the trial court ruled. It found the Jaimes had not held an interest in the property for a long enough period of time to have gained a property interest in the road through adverse possession, did not have exclusive use of the road, and did not notice the other lot title holders as to their intent to gain the road by adverse possession. Further, the court held the deed to the Jaimes clearly indicated that the road was a

---

[1] 446 S.W.3d 224 (Ky. 2014) (The Kentucky Supreme Court determined that the deed restrictions which indicated that the lot owners would be responsible for maintaining the road as well as the designation on the subdivision plat of a one-foot strip of land between the road on the plat and adjoining land not part of the plat by preventing a new road being attached to the plat-designated road indicated an intention that the road remain private.).

right of way, and they took subject to that provision.  Citing the statute of frauds,[2] the court also held that the building of the alternate road was ineffective as there was no writing to modify the deeds.

The trial court held that the roadway on the subdivision plat was a public roadway and ordered the Jaimes to remove all gates or obstructions within the sixty-foot right of way.  The court also ordered any other lot owners to do the same.  The Jaimes appealed from this determination.  The appeal was dismissed as interlocutory by this Court.

Back in Breckinridge Circuit Court, the Jaimes sought, and were granted, permission to file an amended complaint and added other claims.  The claim added, which is relevant to this action, was for harassment.  The Jaimes alleged that the Phillipses harassed them by spraying herbicide on their landscaping, operating an ATV at a high rate of speed on the Jaimes' property, stopping the Jaimes' guests from accessing their property (sometimes armed with a firearm), operating motor vehicles in a way to make walking on the road dangerous to pedestrians, creating excessive noise and dust by the operation of vehicles at an excessive speed, using vehicles to block what the court had determined was a public roadway, and failing to remove structures blocking the public roadway.  The Jaimes' sought damages for the harassment.

---

[2] Kentucky Revised Statutes (KRS) 371.010.

The parties met with the trial court ahead of trial and the parties agreed to the jury instructions without objection. The jury found for the Jaimes on the harassment claims and assessed damages in the amount of $20,000. The Phillipses sought relief from the trial court via a CR[3] 59.05 motion, which was denied. The Phillipses initiated this action, noticing appeal of both the Breckinridge Circuit Court's order denying the CR 59.05 motion and the order entering the final jury trial judgment. We affirm the trial court.

## STANDARD OF REVIEW

We review an order of a trial court granting or denying summary judgment for an abuse of discretion. *See Schott v. Citizens Fidelity Bank & Trust Co.*, 692 S.W.2d 810, 814 (Ky. App. 1985).

"The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). Accordingly, a trial court's decision is affirmed unless there is a showing of some "flagrant miscarriage of justice." *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983).

Trial court determinations on motions for summary judgment pursuant to CR 56 are reviewed for "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to

---

[3] Kentucky Rule of Civil Procedure.

judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996), *as modified* (Feb. 2, 1996).

With these standards of review in mind, we address the issues of the case at hand.

## ANALYSIS

In the Notice of Appeal, the Phillipses indicated they were appealing two rulings of the trial court: the March 21, 2022, order denying their motion to alter, amend, or vacate the entry of the final judgment and the order entering the final judgment itself, entered on December 2, 2021. For the reasons explained below, we will only be reviewing the Phillipses' complaints concerning the final judgment.

Trial court rulings on motions filed pursuant to CR 59.05 to alter, amend, or vacate a judgment are inherently interlocutory. If granted, the aggrieved party would then appeal the newly amended judgment. If denied, as here, the aggrieved party simply appeals the intact final judgment.

> However, we note that even if we did believe the trial court erred in some fashion in connection with its denial of CR 59.05 relief, we could not provide a remedy for the simple reason that we do not have jurisdiction over the trial court's denial of a CR 59.05 motion. "Orders denying CR 59.05 relief 'are interlocutory, *i.e.*, non-final and non-appealable and cannot be made so by including the finality recitations.'" *Hoffman v. Hoffman*, 500 S.W.3d 234, 236 (Ky. App. 2016) (quoting *Tax Ease Lien Investments 1, LLC v. Brown*, 340 S.W.3d 99, 103

(Ky. App. 2011)); *see also Mingey v. Cline Leasing Serv., Inc.*, 707 S.W.2d 794, 796 (Ky. App. 1986) ("Unlike a ruling denying a motion for relief under CR 60.02, a ruling on a CR 59.05 motion is not a final or an appealable order. There is no authority in the rules to ask for reconsideration of a mere order which rules on a motion to reconsider a judgment.") (internal citation omitted). The Court of Appeals lacks jurisdiction to hear cases from interlocutory orders. KRS 22A.020; *Cassetty v. Commonwealth*, 495 S.W.3d 129, 131 (Ky. 2016). While there are a few exceptions to that general rule, none of those exceptions address orders on CR 59.05 motions. *Id.* at 131 n.2.

*Ford v. Ford*, 578 S.W.3d 356, 365 (Ky. App. 2019).

We now turn to the Phillipses' complaints concerning the entry of the final judgment following the jury trial. The Phillipses complain the trial court incorrectly determined that the road the parties battled over is a "public" road. This determination was made by the trial court in 2016 with the entry of partial summary judgment pursuant to the Phillipses' request for the entry of same. At the time it was entered, the judgment was held in abeyance once it was determined not all owners of properties in the subdivision had been served. Once the court was satisfied all property owners had been served, the order was made fully effective. It was the Jaimes who then appealed the entry of summary judgment, with this Court dismissing the appeal as being interlocutory.

Now, after the jury trial wherein the jury determined that the Phillipses had engaged in harassing behavior and assessed damages in the amount

of $20,000, the Phillipses complain about the summary judgment determination that the road was a public roadway. We agree with the Jaimes that the Phillipses are now estopped from complaining about the entry of summary judgment which they requested.

"The doctrine of judicial estoppel . . . can be applied to prohibit a party from taking inconsistent positions in judicial proceedings." *Hisle v. Lexington-Fayette Urban Cnty. Gov't*, 258 S.W.3d 422, 434 (Ky. App. 2008) (citing 28 Am. Jur. 2d *Estoppel and Waiver* § 74; *Colston Inv. Co. v. Home Supply Co.*, 74 S.W.3d 759 (Ky. App. 2001)). Parties are estopped from changing their positions and arguments and thereby dragging down the judicial process. The "purpose is 'to protect the integrity of the judicial process' . . . by 'prohibiting parties from deliberately changing positions according to the exigencies of the moment[.]'" *New Hampshire v. Maine*, 532 U.S. 742, 749-50, 121 S. Ct. 1808, 1814, 149 L. Ed. 2d 968 (2001) (quoting *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 598 (6th Cir. 1982); *United States v. McCaskey*, 9 F.3d 368, 378 (5th Cir. 1993)).

Judicial estoppel is not reducible to a simple general formula. *New Hampshire*, 532 U.S. at 750, 121 S. Ct. at 1815. Generally, however, three factors are considered: "(1) whether the party's later position is clearly inconsistent with its earlier position; (2) whether the party succeeded in persuading a court to accept

the earlier position; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Hisle*, 258 S.W.3d at 434-35.

Applying those questions to the facts of the current case, we must conclude that the Phillipses are estopped from seeking redress from the entry of an order which they requested from the trial court.[4] As to the first and second factors, at a hearing following the filing of the Phillipses' motion for summary judgment, counsel for the Phillipses argued that the Jaimes could not adversely possess the road as argued by the Jaimes' counsel. It was the Phillipses' position that the trial court should find that the owners of the lots were entitled to use the road as it was on the subdivision plat. The trial court did not find for the Jaimes in the summary judgment motion, as they were arguing they had gained ownership of the road via adverse possession. The Phillipses were satisfied with that holding at the time, and only now find reason to object to a finding that the road is public.

In fact, counsel for the Phillipses stated "we think the court got it right in ruling that this was a public road" at the first appearance following the entry of the ruling granting summary judgment in their favor. They cannot now take a position inconsistent with that position, which they are now attempting, having

---

[4] No grounds are argued in the motion, nor does the motion indicate the ruling sought. The motion simply seeks the entry of partial summary judgment.

succeeded in convincing the trial court that their earlier position (that the road was public) was the correct one. "[A]s a general proposition . . . where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position . . . ." *Davis v. Wakelee*, 156 U.S. 680, 689, 15 S. Ct. 555, 558, 39 L. Ed. 578 (1895).

As to the third factor, the Phillipses would impose an unfair detriment upon the Jaimes as the entire jury trial was premised upon the court's holding that the road is public. This matter began with the complaint filed by the Phillipses in 2012. After all the years of litigation, including a jury trial, it would be an unfair detriment upon the Jaimes, as well as an abuse of judicial resources, to allow the matter to be undone by allowing the Phillipses to now change their position.

Turning to the jury determination that the Phillipses' conduct constituted harassment of the Jaimes and the award for that harassment of $20,000, the Phillipses argue the Jaimes failed to offer sufficient evidence to support a finding of harassment, much less the award. We note that no motion for directed verdict was made by the Phillipses at trial, counsel having acknowledged there were no grounds.

> In order to rely on a claim of insufficiency of the evidence, a party must preserve it through a motion for judgment notwithstanding the verdict, which in turn must be predicated upon a directed verdict motion made at the

-10-

close of all the proof. A mid-trial motion for directed verdict alone is not adequate to preserve an insufficiency of the evidence claim. *See Steel Technologies, Inc. v. Congleton*, 234 S.W.3d 920 (Ky. 2007). Bryan and Camenzind have made no indication that either of those motions was made at trial.

*Bryan v. CorrectCare-Integrated Health, Inc.*, 420 S.W.3d 520, 524 (Ky. App. 2013).

The Phillipses' having made no motion regarding the sufficiency of the evidence presented by the Jaimes at trial, they cannot complain now on appeal. The verdict and award for harassment are affirmed.

## CONCLUSION

We affirm the trial court, finding it did not err in entering partial summary judgment in accord with the Phillipses' request. The Phillipses cannot now seek redress for having received the result they once desired. We also affirm the jury verdict on the harassment count, having found that the Phillipses failed to move for directed verdict at trial.

ALL CONCUR.

BRIEF FOR APPELLANTS:

Andrew S. Zeh
Louisville, Kentucky

BRIEF FOR APPELLEES:

Stephen G. Hopkins
Hardinsburg, Kentucky