RENDERED:  MARCH 14, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0517-MR

JAMAL HUNT                                                                    APPELLANT


v.
APPEAL FROM FRANKLIN CIRCUIT COURT
HONORABLE THOMAS D. WINGATE, JUDGE
ACTION NO. 22-CI-00826


COMMONWEALTH OF KENTUCKY
CABINET FOR HEALTH AND
FAMILY SERVICES, DEPARTMENT
FOR INCOME SUPPORT, CHILD
SUPPORT ENFORCEMENT                                                          APPELLEE


<u>OPINION</u>
<u>AFFIRMING</u>

** ** ** ** **

BEFORE:  EASTON, ECKERLE, AND TAYLOR, JUDGES.

ECKERLE, JUDGE:  Appellant, Jamal Hunt ("Hunt"), an incarcerated inmate,

brings this appeal *pro se* from an order of the Franklin Circuit Court dismissing a

petition for judicial review.  Hunt seeks relief from a hearing officer's

recommendation to permit the Commonwealth of Kentucky, Cabinet for Health

and Family Services ("the Cabinet") to garnish Hunt's financial account to help satisfy his child support arrearage. After careful review, we affirm.

Due to the very narrow issue of law before us, we need not delve deeply into this appeal's background. Indeed, we cannot meaningfully discuss the administrative agency proceedings because the only portion of the record from those proceedings that Hunt furnished are copies of the recommended order issued by the hearing officer and the Cabinet's final decision. Hunt attached the former to his petition for review and the latter to a subsequent motion.

Thus, we simply state that Hunt had a child support arrearage that the Cabinet sought to help satisfy by garnishing his bank account. Hunt challenged the garnishment, and a hearing officer held a telephonic hearing before issuing a recommended order concluding that the garnishment was proper. The recommended order stated that the parties had 15 days to file exceptions with the Secretary of the Cabinet for Health and Family Services ("the Secretary"). The recommended order noted that the Secretary could adopt the recommended order, reject it, or accept it in part and reject it in part. In short, the recommended order plainly stated that the final decision would be left to the Secretary's order.

The recommended order also noted that any party dissatisfied with the Cabinet's decision could file a petition for judicial review in Circuit Court. Specifically, though not expressly cited in the recommended order, under 921

Kentucky Administrative Regulations ("KAR") 1:430§5(3)(c), Hunt had the right to seek judicial review of the Cabinet's final decision in Circuit Court in accordance with Kentucky Revised Statute ("KRS") 13B.140. However, instead of filing exceptions to the hearing officer's recommended order, Hunt prematurely filed a petition for judicial review in the Franklin Circuit Court in October 2022.

On December 26, 2022, the Cabinet filed a motion to dismiss, arguing that the Circuit Court lacked jurisdiction because Hunt's petition sought judicial review of a nonfinal, administrative-agency decision. The Cabinet cited provisions of KRS 13B.140 that Hunt had failed to satisfy, including in relevant part:

> (1) Except as provided in KRS 452.005, all final orders of an agency shall be subject to judicial review in accordance with the provisions of this chapter. A party shall institute an appeal by filing a petition in the Circuit Court of venue . . . within thirty (30) days after the final order of the agency is mailed . . . .
>
> (2) A party may file a petition for judicial review only after the party has exhausted all administrative remedies available within the agency whose action is being challenged, and within any other agency authorized to exercise administrative review.

On February 15, 2023, the Trial Court signed an order granting the motion to dismiss, but the Circuit Court Clerk did not enter that order until February 23, 2023.

Meanwhile, on February 21, 2023 – after the Trial Judge signed the order of dismissal but prior to that order being entered – Hunt signed what

substantively amounts to a motion asking the Circuit Court to allow his petition to go forward. Hunt attached to his motion a copy of the Secretary's December 27, 2022, final order (the accuracy of which has not been challenged) adopting the hearing officer's recommended order.[1] In other words, the Secretary's decision was signed one day after the Cabinet filed its motion to dismiss Hunt's petition. There is no indication that the Cabinet later informed the Trial Court of the Secretary's order.

The Circuit Court Clerk filed Hunt's motion to proceed on the merits and entered the order dismissing Hunt's petition on the same day, February 23, 2023. The Trial Court took no action on Hunt's motion to proceed. Hunt did not seek post-judgment relief; instead, he filed this appeal.

We have held quite clearly that "the unyielding rule of strict compliance necessarily and without exception applies" to petitions for review filed pursuant to KRS 13B.140. *J.M. by and through Minesinger v. Oldham Cnty. Bd. of Educ.*, 647 S.W.3d 279, 282 (Ky. App. 2022). Here, it is beyond reasonable dispute that Hunt did not strictly comply with KRS 13B.140. First, KRS 13B.140(1) allows a party to file a petition for judicial review in a Circuit Court of "all final orders of an agency . . . ." Hunt admits his blanket, essentially

---

[1] The Secretary signed the order on December 27, 2022, but the copy of that decision attached to Hunt's motion indicates that it was not filed by the Division of Administrative Hearings until January 20, 2023. The reason for this delay is not apparent.

prophylactic, petition for review was not taken from the Cabinet's final order. Hunt contends he knowingly filed a premature petition for review because he expected the Secretary to adopt the recommended order, and he feared that he might not be able to file a petition for review within 30 days of the Secretary's decision. He cited delaying factors such as the stated slowness in prisoners receiving mail and the prison lockdowns caused by the COVID-19 pandemic. Regardless, Hunt undisputedly failed to comply with the mandate in KRS 13B.140(1) that a petition for review in Circuit Court must only be filed after an agency has issued its final order.

Second, and relatedly, KRS 13B.140(2) provides that "[a] party may file a petition for judicial review only after the party has exhausted all administrative remedies available within the agency whose action is being challenged . . . ." Also undisputedly, Hunt did not exhaust his administrative remedies prior to filing his petition for judicial review. For example, Hunt did not file exceptions to the hearing officer's recommended order or even await the Secretary's final decision before preemptively attempting to seek judicial review.

In sum, Hunt's petition clearly did not comply strictly with the requirements of KRS 13B.140. Accordingly, the Circuit Court appropriately concluded that it lacked particular-case jurisdiction to resolve the petition on the merits.

Dismissing Hunt's petition was appropriate even though the Secretary had issued a final order before the Trial Court dismissed the petition. The later, independent act of the Secretary did not retroactively cure the fatal defects in Hunt's unquestionably premature petition.

We also reject Hunt's argument that the Trial Court should have construed his motion to allow his initial petition to be resolved on the merits as a second petition. First, Hunt did not plainly ask the Trial Court to treat his motion as a second petition. Second, among other concerns, the Secretary's order was filed on January 20, 2023, and the certificate of service on the order states that it was mailed to Hunt that same date. Hunt did not sign his motion to allow his initial petition to be resolved on the merits until February 21, 2023 – more than 30 days later. KRS 13B.140(1) requires a petition for judicial review to be filed "within thirty (30) days after the final order of the agency is mailed . . . ."

Thus, Hunt's motion to allow his initial petition to be resolved on the merits would be untimely under any scenario, including his suggestion that we somehow ignore jurisdictional requirements and leniently construe his initial effort as an attempted second petition. There is no legal authority for this proposition. We have already held that a petition for review submitted only one day after the expiration of the 30-day deadline in KRS 13B.140 was properly dismissed for lack of jurisdiction:

As the circuit court did, we address J.M.'s asserted reasons for his acknowledged failure to strictly comply with the 30-day limitation of KRS 13B.140(1). Like the circuit court, we conclude these reasons do not serve as a substitute for strict compliance, nor do they amount to a legal excuse for failing to strictly comply with KRS 13B.140(1).

J.M. argues the COVID-19 pandemic, lack of communication with the circuit court's staff, as well as J.M.'s parents' being out of the country, all contributed to tardy filing, even though tardy by only a single day. He claims most cases dismissed for failure to strictly comply with the 30-day filing requirement were unreasonably tardy and that "it would be unjust to dismiss a Petition for Judicial review which was filed a meager one day late."

We reject this argument because it only seeks to substitute the indeterminate concept of "substantial compliance" where the unyielding rule of strict compliance necessarily and without exception applies. We agree with the circuit court that "the factual scenario" J.M. presents is "unfortunate[.]" But we also agree that Kentucky law firmly establishes the requirement that an aggrieved party must strictly comply with, and our courts must strictly apply, the rules for claiming remedies created by legislative grace.

*J.M. by and through Minesinger*, 647 S.W.3d at 282.

Finally, we must also reject Hunt's request to apply the doctrine of substantial compliance to save his premature petition. As our Supreme Court has explained, the doctrine of substantial compliance has sometimes been used, in circumstances distinguishable from the case at hand, to avoid dismissing an appeal

-7-

when a notice of appeal was filed from a nonfinal (*i.e.*, interlocutory) decision. *See, e.g.*, *Cassetty v. Commonwealth*, 495 S.W.3d 129, 133 (Ky. 2016).

Specifically, Hunt seeks to apply the relation forward doctrine, which is "a sub-rule of the substantial-compliance doctrine." *Id.* As our Supreme Court has noted, "[p]erhaps the best example of this [application of the relation-forward principle] is where the notice of appeal is filed from a judgment before it becomes final and then a post-trial motion is filed rendering the judgment interlocutory in nature until the motion is resolved. In such circumstances, the notice of appeal is treated as relating forward to the final judgment." *Id.* (citations omitted). Thus, under Hunt's theory, his premature petition sprang to life and was no longer defective once the Secretary issued the Cabinet's final decision.

However, we cannot apply the relation-forward doctrine here for two main reasons. First, the relation-forward doctrine applies to help an "unskilled litigant who files a notice of appeal from a decision that he reasonably but mistakenly believes to be a final judgment, while failing to file a notice of appeal from the actual final judgment." *Id.* (internal quotation marks and citations omitted). Thus, the doctrine does not apply to "clearly interlocutory orders." *Id.* at 134. The recommended order at issue here is clearly interlocutory. That order plainly states that it was not the final decision of the Cabinet, so it would have been

completely unreasonable for Hunt to have believed that it was. And he has admitted as much.

Second, our Supreme Court has firmly declined to apply the substantial compliance doctrine (of which the relation-forward doctrine is a subset) to petitions for judicial review of final administrative decisions. For example, our Supreme Court forcefully and plainly held that:

> Statutory preconditions for vesting courts with the authority to engage in judicial review cannot be satisfied by substantial compliance. Consequently, at least with respect to the jurisdictional requirements for invoking judicial review of an administrative agency ruling, we have no substantial compliance exception to a statute which grants the right to appeal.

*Kentucky Unemployment Ins. Comm'n v. Wilson*, 528 S.W.3d 336, 339 (Ky. 2017) (citations omitted). *See also, e.g.*, *Kentucky Unemployment Ins. Comm'n v. Carter*, 689 S.W.2d 360, 361 (Ky. 1985) (holding that "we find no authority before the court to authorize the doctrine of substantial compliance in a case where the appeal process is statutorily created and implemented."). We have also adamantly refused to "substitute the indeterminate concept of 'substantial compliance' . . . [because] the unyielding rule of strict compliance necessarily and without exception applies" to petitions for review filed under KRS 13B.140. *J.M. by and through Minesinger*, 647 S.W.3d at 282.

We are "bound by and shall follow applicable precedents established in the opinions of the Supreme Court and its predecessor court." Rules of the Supreme Court ("SCR") 1.030(8)(a). Therefore, we cannot apply the doctrine of substantial compliance to save Hunt's premature petition.

Further arguments in the parties' briefs have been determined to lack merit or relevance to our resolving this appeal. For the foregoing reasons, the Franklin Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Jamal Hunt, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Stephen D. Milner Jr.
Frankfort, Kentucky